**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2006[*]
Decided February 13, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1982

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 97-30005 |
| CARLETOS E. HARDAMON, *Defendant-Appellant.* | G. Patrick Murphy, *Chief Judge.* |

**O R D E R**

Carletos Hardamon appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his life sentence on the basis of a later amendment to the sentencing guidelines. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Hardamon and three co-defendants were convicted of conspiring to possess and distribute crack, 21 U.S.C. §§ 846, 841(a)(1). At sentencing in 1998 the district court found that Hardamon's relevant conduct involved 1.5 kilograms of crack, and applying U.S.S.G. § 2D1.1 as the offense guideline sentenced him to life imprisonment. We affirmed his conviction and sentence on direct appeal. *United States v. Hardamon*, 188 F.3d 843 (7th Cir. 1999). Hardamon later filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the district court denied. We again affirmed. *Hardamon v. United States*, 319 F.3d 943 (7th Cir. 2003).

Hardamon then filed this action in 2004 seeking to be resentenced in accordance with Amendment 591. That amendment, which became effective November 1, 2000, modified the guidelines to require that sentencing courts apply the Chapter 2 offense guideline from the Statutory Index, *see* U.S.S.G. app. A, corresponding to the statute of conviction, *United States v. Kosmel*, 272 F.3d 501, 507 (7th Cir. 2001). Previous practice allowed sentencing courts to select a Chapter 2 offense guideline based on the defendant's actual conduct, even if that conduct did not result in conviction. *See United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005); *United States v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002). Hardamon argued in his motion that the conspiracy count did not allege a crack quantity of 1.5 kilograms, and thus the sentencing court erred using that amount as the basis for sentencing him to life imprisonment. We review the denial of a § 3582(c)(2) motion for abuse of discretion. *See United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).

Section 3582(c)(2) allows a district court to shorten a term of imprisonment if application of a subsequent amendment to the guidelines would lower the relevant sentencing range, so long as a reduction would be consistent with the policies of the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *United States v. Alcala*, 352 F.3d 1153, 1155 & n.1 (7th Cir. 2003) (quoting 18 U.S.C. § 3582(c)(2)). Section 1B1.10 of the guidelines identifies the amendments for which a reduction would be consistent with the policies of the Commission, and Amendment 591 is included in the list. U.S.S.G. § 1B1.10(c). Amendment 591, therefore, is a proper basis on which to make a § 3582(c)(2) motion.

But the amendment cannot possibly help Hardamon because his sentence was imposed in compliance with the later mandate of Amendment 591. The sentencing court applied § 2D1.1 as the Chapter 2 offense guideline for Hardamon's drug conspiracy, just as it would have been required to do if Amendment 591 had been in place already. *See* U.S.S.G. app. A (identifying § 2D1.1 as offense guideline for violations of § 846 and § 841(a)). And contrary to Hardamon's belief, Amendment

591 did not prohibit the practice of using relevant conduct (such as drug quantity) to calculate the offense level; it merely instructed courts to select an offense guideline in Chapter 2 of the manual in order to calculate the offense level.  *See Kosmel*, 272 F.3d at 507; *Rivera*, 293 F.3d at 586-87.  The sentencing court followed the amendment's instructions and calculated Hardamon's offense level as specified in § 2D1.1.  That is all that matters for the purposes of § 3582(c)(2).

Finally, Hardamon seeks to raise for the first time on appeal what we construe to be a challenge to his sentence under *United States v. Booker*, 125 S. Ct. 738 (2005).  Section 3582(c)(2) authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines and not on the basis of new case law.  *See Moreno*, 421 F.3d at 1220-21.  The only means for Hardamon to raise a *Booker* claim was by a motion under § 2255.  *See McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir. 2005).  But Hardamon already has filed one § 2255 motion, so he would need permission from this court to file a second or successive motion.  We would not grant that permission, however, because the Supreme Court did not make *Booker* retroactive in the year after that decision was announced; any attempt by Hardamon to raise the claim now would be untimely.  *See Dodd v. United States*, 125 S. Ct. 2478, 2482-83 (2005); *Johnson v. Robert*, 421 F.3d 992, 992 (7th Cir. 2005).

AFFIRMED.