NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. R. 32

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 14, 2009
Decided October 14, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-1629

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*

*v.*

CARLETOS E. HARDAMON,
    *Defendant-Appellant*

Appeal from the United States District
Court for the Southern District of Illinois.

No. 97-30005-GPM

G. Patrick Murphy,
    *Judge*

**O R D E R**

Carletos Hardamon was convicted of one count of conspiracy to distribute crack cocaine on September 18, 1997 and was sentenced to life in prison.  At his sentencing hearing, the district court determined that his total offense level was 43 and he had criminal history category III, which gave him a guideline sentence of life in prison.  We affirmed the conviction and life sentence on direct appeal. *See United States v. Hardamon*, 188 F.3d 843 (7th Cir. 1999).  Furthermore, Hardamon's previous attempts at post conviction relief under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2) have been denied by the district court and affirmed on appeal.  *See Hardamon v. United States*, 319 F.3d 943 (7th Cir. 2003); *United States v. Hardamon*, 167 Fed. Appx. 571 (7th Cir. 2006).

In 2007, the Sentencing Guidelines range for crack offenses was lowered and made retroactive (U.S.S.G. Appendix C, Amendment 706 and 713) pursuant to 18 U.S.C. § 3582(c)(2). On March 3, 2009, the district court lowered Hardamon's total offense level from 43 to 42, which changed his guideline range to 360 months to life, and reduced his sentence to 360 months pursuant to § 3582(c)(2). Hardamon now appeals claiming that he was entitled to a full resentencing hearing and that the district court has authority to impose a below guideline sentence under *United States v. Booker,* 543 U.S. 220 (2005).

When altering a defendant's sentence under 18 U.S.C. § 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission states that "proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing hearing", *see* U.S.S.G. § 1B1.10(a)(3), and that the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."[1] *See* U.S.S.G. § 1B1.10(b)(2)(A). In *United States v. Cunningham,* 554 F.3d 703 (7th Cir. 2009), we addressed whether after *Booker*, which made the Sentencing Guidelines advisory, the district court had authority when making sentence modifications under § 3582(c)(2) to "treat the amended Guideline range as advisory despite the Commission's policy statement to the contrary." *Cunningham,* 554 F.3d at 705. But we rejected that argument and held "that district courts, in reducing a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), do not have authority to reduce the defendant's sentence beyond the retroactive Guidelines amendment range." *Cunningham*, 554 F.3d at 709. Thus, we AFFIRM Hardamon's sentence.

---

[1] Section 1B.10(b)(2)(B) provides an exception for defendants originally sentenced below the advisory guideline range but that exception is not applicable here.