In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 08-2901 & 08-2931

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEREK CUNNINGHAM AND
NORMAN THOMAS,

*Defendant-Appellants.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04-CR-8889—**Milton I. Shadur**, *Judge.*

ARGUED JANUARY 21, 2009—DECIDED FEBRUARY 4, 2009

Before POSNER, FLAUM, and WOOD, *Circuit Judges.*

FLAUM, *Circuit Judge.* This case presents the consolidated appeals of Derek Cunningham and Norman Thomas. Their appeals arise from the same prosecution and raise the same purely legal issue: whether a district court, in reducing a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), has authority under *United States v. Booker*, 543 U.S. 220 (2005) to reduce a defendant's sentence beyond the retroactive Guidelines amendment

range. For the reasons explained below, we hold that a district court does not have authority to do so and therefore affirm the judgment of the district court.

## I. Background

Because this appeal presents a purely legal question, the facts of defendants' convictions need not be explored at length. Suffice to say, in the original prosecution, co-defendants Thomas and Cunningham both pled guilty to conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846. On January 31, 2006, the district court sentenced Thomas to 108 months in prison and Cunningham to 87 months in prison. Both sentences were at the low end of the advisory Sentencing Guidelines range applicable to the respective defendants.

In June 2008, the defendants filed section 3582(c)(2) motions to reduce their sentences based on the retroactive amendments to the crack cocaine Guidelines. Based on the change in the crack quantities and corresponding offense levels, each of the defendants' base offense levels were reduced by two levels. The defendants thus requested that their sentences be reduced two levels in light of the amendment. However, they also asserted that the district court had the authority to consider granting them further sentence reductions, resulting in terms of imprisonment below their respective amended Guideline ranges. With regard to this second point, defendants argued that the district court had authority to reduce their sentences below the amended Guideline ranges because *Booker* made the Sentencing Guidelines advisory.

On July 17, 2008, the district court reduced the defendants' sentences but declined to decrease their sentences below the two level reduction authorized by the retroactive amendment. The district court held that *Booker* was not implicated because "*Booker* concerns constitutional limitations on *increasing* a sentence beyond what is considered the prescribed maximum without a jury finding, not, as in this case, to [sic] *decreasing* a sentence. Section 3582(c)(2) concerns only sentence reductions and thus does not implicate *Booker* or the constitutional limitations upon which that decision was premised."

Defendants have appealed.

## II.  Discussion

We review the district court's determination of questions of law de novo. *United States v. Ryerson*, 545 F.3d 483, 487 (7th Cir. 2008).

Title 18 U.S.C. § 3582(c)(2) provides that

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The policy statements relevant to this case are found in Sentencing Guidelines sections 1B1.10(a)(3) and

1B1.10(b)(2)(A). Section 1B1.10(a)(3) states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Section 1B1.10(b)(2)(A) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."[1]

The basic question in this case is whether these policy statements regarding section 3582(c)(2) resentencings— first, that section 3582(c)(2) reductions do not constitute full resentencings, and second, that a court shall nor reduce a defendant's imprisonment to less than the minimum of the amended guideline range—conflict with *Booker*'s general rule that the Sentencing Guidelines are advisory. That is, whether or not district courts have the authority, in making section 3582(c)(2) sentence modifications, to treat the amended Guideline range as advisory despite the Commission's policy statements to the contrary.

Defendants advance four arguments to support their contention that a district court can reduce a defendant's sentence beyond the retroactive Guidelines amendment range. First, they argue that *Booker* expressly rejected

---

[1] Section 1B1.10(b)(2)(B) provides an exception for defendants who were originally sentenced to below-Guidelines terms of imprisonment. For such defendants, "a reduction comparably less than the amended guideline range . . . may be appropriate."

the notion that the Guidelines are advisory in some contexts but mandatory in others. In other words, they disagree that the Guidelines could be advisory during a defendant's initial sentencing but mandatory in section 3582(c)(2) proceedings. Second, and to some degree in the alternative, they argue that the Commission's policy statements themselves are advisory and thus are not truly inconsistent with a below-guidelines sentence. Third, they claim that if the Commission's policy statements were given full effect, they would strip courts of their traditional sentencing discretion by constraining their consideration of the section 3553(a) factors to the extent they are applicable—consideration that is mandated under the terms of section 3582(c)(2). Finally, they argue that since the Supreme Court has held that district courts have discretion to depart from the Guidelines even based on disagreements with the Guideline's policy statements, *see, e.g.*, *Spears v. United States*, __ U.S. __, __ S.Ct. __, 2009 WL 129044 *2 (Jan. 21, 2009), the enactment of the Guideline amendment and its policy statements cannot strip the sentencing courts of their discretion by mandating the strict application of a two level departure.

The Ninth Circuit adopted many of the defendants' views in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). In *Hicks*, the Ninth Circuit concluded that limiting the extent of a section 3582(c)(2) reduction to that prescribed by the Sentencing Commission amounts to a mandatory application of the Sentencing Guidelines that is prohibited by *Booker*. While the court conceded that *Booker* itself does not create the authority for reopening sentencing under section 3582(c)(2), the court reasoned that once

such proceedings were initiated, the district court has discretion to impose a non-Guidelines sentence. *Id.* at 1171 ("Because a 'mandatory system is no longer an open choice,' district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2).") (quoting *Booker*, 543 U.S. at 263). The Ninth Circuit also rejected the government's argument that because a § 3582(c)(2) proceeding is not a "full resentencing," but merely a modification of the defendant's sentence, *Booker* was inapplicable. *See id.* at 1167 ("The dichotomy drawn by the government, where full re-sentencings are performed under an advisory system while 'reduction proceeding' or 'modifications' rely on a mandatory Guideline system, is false. . . . Mandatory Guidelines no longer exist, in this context or in any other.").

The government urges us to decline to follow *Hicks*. They present three main arguments in support of affirming the district court. First, they note that 28 U.S.C. § 944(u) gives the Sentencing Commission the exclusive power to decide under "what circumstances and by what amounts the sentences of prisoners . . . may be reduced." *See* 28 U.S.C. § 944(u); *see also Braxton v. United States*, 500 U.S. 344, 348 (1991) (emphasis omitted) (Congress has given the Sentencing Commission "the unusual and explicit power to decide whether and to what extent its amendments . . . will be given retroactive effect.") (emphasis omitted) (citing 28 U.S.C. § 944(u)). Thus, they reason, the Commission's policy statements that implement the Commission's authorization of retroactive sentence reductions are binding because they are an

exercise of that statutory authority. Second, they focus on the Commission's policy statement in U.S.S.G. § 1B1.10(a)(3) which states that under section 3582(c)(2), defendants do not receive "a full resentencing." They cite several pre-*Booker* cases holding, as the Eleventh Circuit did, for example, that section 3582(c)(2) "do[es] not contemplate a full de novo resentencing" and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in original) (internal quotation and citation omitted). Finally, the government argues that *Booker* does not apply to section 3582(c)(2) proceedings because *Booker* does not apply to sentence reductions.

Several recent circuit court decisions support the government's position. *See United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008); *United States v. Dunphy*, ___ F.3d ___, 2009 WL 19139 (4th Cir. Jan. 5, 2009); *United States v. Starks*, ___ F.3d ___, 2009 WL 66115 (8th Cir. Jan. 13, 2009). A number of district courts from around the country have also come to this conclusion. *See United States v. Speights*, 561 F. Supp. 2d 1277, 1281 (S.D. Ala. 2008) (citing eleven other district court decisions from around the country that have held that *Booker* has no impact on section 3582(c)(2) reductions).

In our analysis, the best place to start is *Booker* itself. In *Booker*'s substantive opinion, the Supreme Court held that the federal sentencing system as it then existed, under which the sentencing court rather than the jury

found facts that established the mandatory guideline range, violated the Sixth Amendment as construed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). The constitutional problem that *Booker* addressed was that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Booker*, 543 U.S. at 231 (quoting *Apprendi*, 530 U.S. at 490). The Court found that a sentencing system in which such judicial fact-finding was mandatory violated the Sixth Amendment.

However, as the district court recognized, in section 3582(c)(2) proceedings, a district court can only *decrease* a defendant's sentence. Thus, the constitutional defect addressed by *Booker* is simply not implicated. Moreover, a section 3582(c)(2) modification is discretionary, even for a defendant whose Guideline range has been retroactively lowered. *See* 18 U.S.C. § 3582(c)(2) (identifying circumstances in which "the court *may* reduce the term of imprisonment") (emphasis added). Thus, to frame a section 3582(c)(2) reduction as a mandatory undertaking that triggers the Sixth Amendment or *Booker* is incorrect.

It is admittedly a bit harder to reconcile the language of *Booker*'s remedial opinion, however. In its remedial portion, *Booker* eliminated the constitutional defect identified above by severing and excising the provisions of the Guidelines that made them mandatory, along with any statutory provisions that depended upon the Guidelines' mandatory nature. *Booker*, 543 U.S. at 245-46. The remedial majority determined that this was what

Congress would have intended in light of the court's constitutional holding. *Id.* at 246. The Court went on to state that it did "not see how it was possible" to leave the Guidelines as binding in some cases but not in others. *Id.* at 266. The Court explicitly rejected the government's proposal, which would have "impose[d] mandatory Guidelines-type limits upon a judge's ability to reduce sentences, but it would not impose those limits upon a judge's ability to increase sentences." *Id.* As the Court stated, "[w]e do not believe that such 'one way lever[s]' are compatible with Congress' intent."

Despite this broad language, we do not believe that the *Booker* remedy renders the limits set by the Sentencing Commission for section 3582(c)(2) proceedings advisory.[2] First, unlike a full sentencing or resentencing, Congress clearly intended section 3582(c)(2) proceedings to be a one way lever. Section 3582(c)(2) allows the district court to leave a sentence alone or reduce it, but it does not permit the district court to increase a sentence. Second, and more generally, while *Booker*'s remedial opinion stated that "we believe that Congress would not have authorized a mandatory system in some cases and a nonmandatory system in others" due to the possible "administrative complexities" of such a system, it seems to us that allowing (or requiring) district courts to essen-

---

[2] As an initial matter, it bears noting that because section 3582(c)(2) did not cross-reference any provisions excised by *Booker*, and because *Booker* did not directly address section 3582(c)(2) proceedings, section 3582(c)(2) remained intact.

tially conduct a full resentencing upon a section 3582(c)(2) motion would create *more* administrative complexity, not less. *See Dunphy*, 2009 WL 19139 at *5. Finally, *Booker*'s remedial opinion focused on Congressional intent. The text of section 3582(c)(2) makes clear that Congress intended section 3582(c)(2) modifications to comport with the Commission's policy statements, an impossibility if we were to adopt the defendants' position that *Booker* rendered the Guidelines wholly advisory in the context of sentence modifications (as distinguished from full sentencing proceedings).

This last point bears elaboration, as it is the most important basis for our decision today. Original sentencing proceedings and sentence modification proceedings are legally distinct from one another. Original proceedings are governed by 18 U.S.C. § 3553 (a statute that was partially excised in *Booker*), while sentence modification proceedings are governed by 18 U.S.C. § 3582(c)(2).[3] Contrary to the defendants' contention, there is no "inherent authority" for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to the statute's general rule that "the court may not modify a term of imprisonment once it has been imposed." *See* 18 U.S.C. § 3582(c). When Congress granted district courts discretion to modify sentences in section 3582(c)(2), it explicitly incorporated

---

[3] This is a point we (and other courts) feel the *Hicks* court failed to appreciate. *See Rhodes*, 549 F.3d at 840-41; *Starks*, 2009 WL 66115 at *3.

the Sentencing Commission's policy statements limiting reductions. *See United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in Section 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation."). Thus, the Commission's policy statements should for all intents and purposes be viewed as part of the statute. The policy statements make clear that section 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guideline range (unless the defendant's original sentence was lower than the guideline range). *See* U.S.S.G. §§ 1B1.10(a)(3), 1B1.10(b)(2)(A) This limitation of the district court's power is not constitutionally suspect. Having chosen to create a modification mechanism, *Booker* does not require Congress to grant the district courts unfettered discretion in applying it. Indeed, mandatory minimum sentences—which cabin the district courts' discretion with regard to section 3553(a) factors—have been upheld as constitutional. *See Harris v. United States*, 536 U.S. 545, 565-68 (2002); *United States v. Franklin*, 547 F.3d 726, 735 (7th Cir. 2008) (rejecting defendant's argument that the district court had authority to depart from the mandatory minimum and consider the factors set forth in 18 U.S.C. § 3553 to impose a lesser sentence) (citing *Chapman v. United States*, 500 U.S. 453 (1991)).

Section 3582(c)(2)'s direction that courts "shall consider the factors in Section 3553(a) to the extent they are applicable" does not undermine our conclusion. It is true that one of the factors in section 3553(a) is the Guidelines

range, which *Booker* made advisory. However, section 3582(c)(2) states that a district court considers the section 3553(a) factors in making a reduction "consistent with the applicable policy statements issued by the Sentencing Commission." There need not be a conflict: the statute can be viewed as requiring district courts to consider the section 3553(a) factors in deciding whether and to what extent to grant a sentence reduction, but only within the limits of the applicable policy statements. *See Dunphy*, 2009 WL 19139 at *7. (In this case, the limit is the bottom of the amended Guideline range, as stated in U.S.S.G. § 1B1.10.)

   In concluding that district courts do not have authority to grant sentence reductions pursuant to section 3582(c)(2) below the amended Guideline range, we are mindful of two final points. As the government points out, *Booker* has not been made a basis for post-conviction collateral review under 28 U.S.C. § 2255. It would thus be incongruous if courts interpreted section 3582(c)(2), which provides for more limited relief than section 2255, as triggering a full *Booker* resentencing. On a related note, *Booker* does not apply to the scores of defendants whose sentences were final when *Booker* was handed down. It would be unfair to allow a full *Booker* resentencing to only a subset of defendants whose sentences were lowered by a retroactive amendment.

### III.  Conclusion

   We side with the majority of courts and hold that district courts, in reducing a defendant's sentence pursuant to

18 U.S.C. § 3582(c)(2), do not have authority to reduce the defendant's sentence beyond the retroactive Guidelines amendment range. We thus AFFIRM the judgment of the district court.