NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

Argued December 4, 2008
Decided March 5, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2126

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:02-cr-00109-RLM-1 |
| LELYN T. BATES, | |
| *Defendant-Appellant*. | Robert L. Miller, Jr., |
| | *Chief Judge*. |

**O R D E R**

Lelyn T. Bates pleaded guilty to possession with intent to distribute crack cocaine and was sentenced according to the Guidelines range in effect at that time.  Two things happened since Bates' conviction that give rise to the issue in this appeal.  First, the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005) held that to avoid constitutional problems, the Guidelines must be advisory rather than mandatory.  Second, the United States Sentencing Commission lowered the base offense level for crack cocaine offenses and made the adjustment retroactive.

Bates brought this action to reduce his sentence under 18 U.S.C. § 3582(c)(2) and the recent retroactive amendments to the Sentencing Guidelines for crack cocaine.  Bates also requested

that the district court further reduce his sentence below the amended Guidelines range, which Bates argued was permitted by *Booker*. The district court reduced Bates' sentence according to the amended Guidelines range, but decided it was not authorized to reduce the sentence below the new Guidelines range.

Bates' main claim is that he was originally sentenced under a mandatory Guidelines system, but that his new sentence must be determined under the advisory Guidelines system established by *Booker*. This would give the district court discretion to consider the continuing disparity in the Guidelines ranges between crack and powder cocaine and adjust Bates' sentence accordingly.

This case raises the purely legal issue of whether a district court, when considering a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), has the authority to reduce a defendant's sentence below the retroactively amended Guidelines range based on *Booker*. For the reasons recently articulated in *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009), we hold that it does not.

AFFIRMED.