NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 29, 2009*
Decided May 8, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| **No**.  09-1008 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | |
| OMAR FELICIANO, *Defendant-Appellant*. | No. 98 CR 923 Blanche M. Manning, *Judge*. |

### Order

     Omar Feliciano is in prison following his conviction for conspiring to distribute cocaine. 21 U.S.C. §846. After the Sentencing Commission reduced the guideline applicable to crack-cocaine offenses, and made that change retroactive, see Amendment 706, Feliciano asked the district court to reduce his sentence.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

His range, recalculated under the amended guideline, is 292 to 365 months. (Feliciano is accountable for 670 grams of crack and 7.8 kilograms of powder cocaine and is in criminal history category III.) His original sentence was 360 months, but after a remand following *United States v. Booker*, 543 U.S. 220 (2005), the sentence was reduced to 180 months. The district judge declined to reduce it further under Amendment 706, observing that 180 months is well below the bottom of the new range and concluding that no further reduction is appropriate.

It is questionable whether any further reduction is permissible, given the principle that a retroactive change does not authorize a judge to give a sentence lower than the lower limit of the new range. See *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009). But whether or not a reduction is permissible, it is never mandatory. Amendment 706 permits, but does not require, the reduction in a sentence for crack cocaine. The district judge's explanation of its decision—that Feliciano's sentence is already well below the applicable range—is rational and consistent with statute. Feliciano's argument that "*Booker* … is a piece of judicial legislation that must be foreclosed by the separation of powers doctrine" (which, to Feliciano, means that the entire Sentencing Reform Act of 1984 is invalid) is frivolous, not only because a court of appeals must follow decisions of the Supreme Court, but also because, but for *Booker*, Feliciano's sentence would be 360 months. All questions about timing to one side— Feliciano's supposition that a sentence is forever open to challenge and reduction is incorrect—Feliciano was helped rather than injured by *Booker*.

AFFIRMED