NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 2, 2009*

Decided July 13, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| **No**. 09-1097 | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 93 CR 20024 Philip G. Reinhard, *Judge*. |
| KARL V. FORT, *Defendant-Appellant*. | |

**Order**

The district court sentenced Karl Fort to life imprisonment for cocaine offenses, and we affirmed. *United States v. Edwards*, 105 F.3d 1179 (7th Cir. 1997). After the Sentencing Commission reduced the Guideline range for crack-cocaine offenses, and made that change retroactive, Fort asked the district court to reduce his sentence. The request was denied with the observation that Fort and his co-conspirators distributed so much cocaine (more than 4.5 kilograms) that the revised Guidelines do not affect his range and therefore do not entitle him to a sentence reduction.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Fort does not contest this understanding on appeal. Instead he maintains that he is entitled to a full resentencing--and thus to the benefit of *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007)--even though the Sentencing Commission's revisions did not affect his range. That argument is inconsistent with 18 U.S.C. §3582(c)(2), which authorizes a district judge to reduce the sentence *only if* a retroactive change to the Guidelines reduces the recommended sentence range. See *United States v. Forman*, 553 F.3d 585 (7th Cir. 2008). Moreover, we held in *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009), that when resentencing under an amended Guideline, a district judge cannot reduce a sentence by more than the Commission has authorized.

For the reasons given in *Forman* and *Cunningham*, the decision appealed from is affirmed.