NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2009[*]
Decided July 15, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-1798

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
|    *Plaintiff-Appellee*, | Court for the Southern District of |
| | Illinois. |
|    *v.* | |
| | No. 93-CR-30025-WDS-026 |
| ELIZABETH WIGGINS, | |
|    *Defendant-Appellant*. | William D. Stiehl, |
| | *Judge*. |

**O R D E R**

In 1994, Elizabeth Wiggins was convicted by a jury of money laundering and conspiracy to distribute crack cocaine. She was sentenced to concurrent terms of 240 months' imprisonment on the money laundering charges and 360 months' imprisonment on the conspiracy charge. She and the five co-defendants with whom she proceeded to trial appealed, and we affirmed her convictions and sentences. *See United States v. Carraway*, 108

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* Fed. R. App. 34(a); Cir. R. 34(f).

F.3d 745, 760-61 (7th Cir. 1997). After the Sentencing Commission reduced the Guideline range for crack cocaine, *see* Amendment 706, and made that change retroactive, *see* Amendments 711 and 715, Wiggins filed a motion in the district court to reduce her sentence under 18 U.S.C. § 3582(c)(2). The district court reduced her sentence on the conspiracy charge from 360 months' imprisonment to 324 months' imprisonment. Wiggins appeals, arguing that she is entitled to a full resentencing under *United States v. Booker*, 543 U.S. 220 (2005), and its progeny.

When the district court resentenced Wiggins, it adhered to the drug quantity table as amended by Amendment 706 and reduced her Offense Level from 42 to 40, which resulted in a sentencing range of 324-405 months' imprisonment. The district court's sentence complied with section 3582(c)(2), which allows for a reduction to a term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As we explained in *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009), the applicable policy statements dictate first, that a reduction under section 3582(c)(2) does not constitute a full resentencing, *see* U.S.S.G. 1B1.10(a)(3) (policy statement), and second, that a court shall not reduce the defendant's term of imprisonment to less than the minimum of the guideline range as amended, *see* U.S.S.G. 1B1.10(b)(2)(A) (policy statement). Wiggins argues, as did the defendant in *Cunningham*, that the limitation on the district court's ability to conduct a full resentencing and choose a sentence below the amended guideline range violates *Booker's* mandate that the Sentencing Guidelines be treated as advisory. *See Booker*, 543 U.S. at 245-46.

As Wiggins acknowledges, we rejected this precise argument in *Cunningham*. In *Cunningham* we considered whether *Booker's* general rule that the Sentencing Guidelines are advisory meant that district courts had the authority when making sentence modifications under § 3582(c)(2) to "treat the amended Guideline range as advisory despite the Commission's policy statements to the contrary." *Cunningham*, 554 F.3d at 705. We concluded that *Booker* does not require a district court to treat the guidelines as advisory in the limited context of a resentencing under § 3582(c), a statute legally distinct from § 3553(a), which governs original sentencing proceedings. *Cunningham*, 554 F.3d at 707-08. In so doing, we rejected each of the arguments now advanced by Wiggins. *See Cunningham*, 554 F.3d at 706-08; *but see United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007) (holding that district courts may reduce a sentence below the amended guideline in a resentencing under § 3582(c)). In short, Wiggins's claim that the district court possessed discretion to sentence her below her amended guideline range is squarely foreclosed by *Cunningham*, which we decline to reconsider at this time.

**AFFIRMED**.