NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. R. 32

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 19, 2009
Decided October 20, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-2263

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Central |
| | District of Illinois. |
| *v*. | |
| | 00 CR 40004 |
| RAYMOND F. PITTS, also known as | |
| LONNIE SANDERS, | Michael M. Mihm, *Judge*. |
| *Defendant-Appellant*. | |

**ORDER**

In 2001, Raymond F. Pitts pled guilty to one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  At that time, the district court sentenced him to 324 months' imprisonment and a term of supervised release.  At least part of his sentence was based on the United States Sentencing Guidelines provisions governing offenses involving crack cocaine.  We affirmed Pitts' conviction on direct appeal.  *United States v. Pitts*, 322 F.3d 449 (7th Cir. 2003).

In 2008, Pitts filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to modify a term of imprisonment when the original sentence was based on a range that has subsequently been lowered by the Sentencing Commission. Retroactive Amendments 706 and 711 reduced the offense levels for crack cocaine-related

crimes, and Pitts sought a reduction of his sentence under those Amendments. Pitts' original guidelines sentencing range was 324 to 405 months, and the district court originally sentenced Pitts to the low end of that range. Under the Amendments, Pitts' new sentencing range was 292 to 365 months, and the court again sentenced him to the low end of the range. Pitts asked the district court to further reduce his sentence and to conduct a full resentencing hearing under *United States v. Booker*, 543 U.S. 220 (2005). The district court declined to conduct a full resentencing or to reduce Pitts' new sentence below 292 months, citing our opinion in *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009), *cert. denied*, 129 S. Ct. 2826 (2009). Pitts appeals the district court's decision, although he acknowledges that his claim is foreclosed by *Cunningham*. He asks that we reconsider our holding in *Cunningham* in light of the Ninth Circuit's contrary opinion in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). In the alternative, he seeks to preserve the issue for Supreme Court review.

In *Cunningham,* we held that district courts, when reducing a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), lack the authority to reduce the sentence beyond the retroactive guidelines amendment range. 554 F.3d at 709. We also noted that Section 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guidelines range unless the original sentence was lower than the then-applicable guidelines range. 554 F.3d at 708. We were aware of *Hicks* when we issued our opinion in *Cunningham*. Indeed, a good part of our opinion in *Cunningham* explains exactly why we have rejected the Ninth's Circuit's reasoning in *Hicks*. *See Cunningham*, 554 F.3d at 705-09. We see no reason to reconsider *Cunningham* now. The district court's judgment is therefore AFFIRMED.