NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 16, 2009\*
Decided October 23, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| **No**. 09-1514 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | |
| **v.** | No. 1:93-CR-00148-15<br>Larry J. McKinney, *Judge*. |
| EDDIE D. GREGORY,<br>*Defendant-Appellant*. | |

**Order**

Eddie D. Gregory is serving a sentence of 480 months' imprisonment for crack-cocaine offenses. After the Sentencing Commission reduced the Guideline ranges for such crimes, and made the reductions retroactive, Gregory filed a motion under 18 U.S.C. §3582(c)(2) asking for a lower sentence. The district court denied that motion; Gregory appeals. The appeal was received after the 10 days allowed, but the prison-mailbox rule makes it timely.

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Gregory's sentence is within the range of 360 months to life that was prescribed for his offense level of 42 and his criminal history category of VI. The retroactive change to the Guidelines reduced the offense level from 42 to 40. The range for level 40 likewise is 360 months to life. Section 3583(c)(2) allows the district judge to change a sentence only when the revised guideline lowers the sentencing range. The district court rightly concluded that this had not occurred for Gregory, making him ineligible.

Gregory's brief does not disagree with this understanding. Instead he contends that he should receive a complete resentencing, at which he would argue that criminal history category VI overstates the seriousness of his record and that he should receive a lower sentence under *United States v. Booker*, 543 U.S. 220 (2005), and its successors. But §3582(c)(2) does not authorize a full resentencing. See *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009). The original offense-level and criminal-history calculations must be taken as established; the question under the statute is whether a change in the Guidelines affects the resulting range. The change did not affect Gregory's range, so the statute does not authorize resentencing.

AFFIRMED