**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2009[*]
Decided December 8, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-1973

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 97 CR 25-1 |
| BRIAN K. MCMUTUARY, | |
| *Defendant-Appellant.* | Elaine E. Bucklo, |
| | *Judge.* |

**O R D E R**

Brian McMutuary helped two accomplices rob the bank where he worked of $277,000.  McMutuary had access to the vault and knew when currency shipments arrived, so the district court assessed a 2-level upward adjustment for abuse of a position of trust. *See* U.S.S.G. § 3B1.3.  The court sentenced McMutuary to a total of 195 months' imprisonment, and we affirmed the judgment on direct appeal.  *See United States v. McMutuary*, 217 F.3d 477 (7th Cir. 2000).  McMutuary later filed a motion under 18 U.S.C.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

§ 3582(c)(2) for a reduced sentence; he claimed that after Amendment 580, which revised the commentary to § 3B1.3, he no longer would be subject to the increase for abuse of a position of trust.  The district court concluded that it lacked authority to grant relief, and McMutuary appeals that decision.

Amendment 580 took effect in 1998 after McMutuary's sentencing.  The amendment resolved a circuit split and adopted the majority view that defendants who deceived their victims by pretending to hold positions of trust they did not occupy are equally deserving of the 2-level increase.  *See* U.S.S.G. app. C, vol. 2 at 12-13 (2003) (Amendment 580).  The Sentencing Commission also used the opportunity to sharpen the language of the existing commentary; one change was to say that § 3B1.3 "does not"—instead of "would not"—apply to an ordinary bank teller.  *Id.*  The substitution of *would* for *does*, says McMutuary, made the adjustment inapplicable to him.

That contention is frivolous, but also irrelevant.  The Sentencing Commission alone decides which amendments will apply retroactively, *see* 28 U.S.C. § 994(u), and the Commission exercises that power by listing retroactive amendments exhaustively in U.S.S.G. § 1B1.10(c).  *Braxton v. United States*, 500 U.S. 344, 348 (1991); *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009).  Amendment 580 is not listed, and thus McMutuary cannot benefit from it.

AFFIRMED.