NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009[*]
Decided December 23, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1967

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 01-40021-GPM |
| | |
| RAY ANTHONY PUGH, | G. Patrick Murphy, |
| *Defendant-Appellant.* | *Judge*. |

**O R D E R**

Ray Anthony Pugh appeals from an order reducing his prison sentence under 18 U.S.C. § 3582(c)(2). Pugh wanted a bigger reduction, but the district court concluded that it was not authorized to go any lower. We affirm the court's decision.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Pugh pleaded guilty in 2001 to possessing with intent to distribute crack cocaine. *See* 21 U.S.C. § 841(a)(1). With a total offense level of 36 and criminal history category of III, his guidelines imprisonment range was 235 to 292 months. The district court imposed a term of 235 months, and we affirmed the judgment on direct appeal, *United States v. Pugh*, 39 F. App'x 392 (7th Cir. 2002).

In 2008, Pugh moved under § 3582(c)(2) for a sentence reduction based on a retroactive amendment to U.S.S.G. § 2D1.1. That amendment, if applied to Pugh, would lower his base offense level by two levels and reduce his imprisonment range to 188 to 235 months. Pugh, who filed his motion pro se, asked the district court to reduce his sentence even below 188 months in light of other factors in 18 U.S.C. § 3553(a). The court appointed the public defender's office to represent Pugh, and his new lawyer filed a separate motion under § 3582(c)(2) asking for a reduction to 188 months. Counsel filed an additional motion, however, asking the court to independently consider Pugh's pro se motion.

The district court granted counsel's motion and reduced Pugh's term of imprisonment to 188 months. But the court denied Pugh's pro se motion and explained that, in Pugh's case, a sentence below the amended guidelines range was not authorized by § 3582(c)(2).

The sentencing guideline that implements § 3582(c)(2) does not permit a reduction below the amended imprisonment range unless the original term of imprisonment was itself below-range, and Pugh's was not. *See* U.S.S.G. § 1B1.10(b)(2). Pugh argues, though, that *United States v. Booker*, 543 U.S. 220 (2005), which rendered the sentencing guidelines advisory, should also be read to eliminate any restriction on the application of § 3582(c)(2). As he acknowledges, however, we held in *United States v. Cunningham*, 554 F.3d 703, 707-08 (7th Cir. 2009), that *Booker* does not make § 3582(c)(2) or § 1B1.10(b)(2) advisory. Pugh's brief adds nothing new since our *Cunningham* decision.

AFFIRMED.