NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2009
Decided December 28, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-4279

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Eastern |
| | District of Wisconsin. |
| *v.* | |
| | No. 2:97-cr-00225 |
| DERRICK D. TURNER, | |
| *Defendant-Appellant*. | Rudolph T. Randa, |
| | *District Judge*. |

## O R D E R

Because this case presents a pure legal question, the background facts are not particularly relevant. In 1998, Derrick Turner was convicted of conspiracy to possess with intent to distribute and possession with intent to distribute crack cocaine and powder cocaine. He was sentenced to 360 months' imprisonment as to each count, to run concurrently; Turner is currently serving this sentence. In June 2008, Turner filed a *pro se* motion seeking to reduce his sentence under 18 U.S.C. § 3582(c)(2), which allows a district court to reduce a term of imprisonment previously imposed on a defendant if the sentencing range for the conviction was reduced by the Sentencing Commission subsequent to the defendant's sentencing. This reduction is contingent on consistency with applicable policy statements, which in this case are found in U.S.S.G. § 1B1.10. Section 1B1.10(a)(3) provides that "proceedings under 18 U.S.C.

3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Section 1B1.10(b)(2)(A) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."

The basis for Turner's motion is retroactive Amendment 706, which recognized the disparity in crack and powder cocaine guidelines and reduced the base offense level two levels for crack cocaine offenses, thereby resulting in a lower sentencing range for a defendant. Turner's counsel also filed a motion for sentence reduction. The district court granted the motions, and reduced Turner's sentence from 360 months' imprisonment to 310 months' imprisonment, a sentence that fell within the amended guidelines range of 292-365 months. Turner appealed this reduction, alleging that (1) the binding nature of the policy statements explicitly referenced in § 3582(c)(2) improperly constrain a district court's discretion; (2) applying the mandatory § 3582(c)(2) scheme to pre-*Booker* defendants violates the Sixth Amendment; (3) U.S.S.G. § 1B1.10 violates the Sentencing Commission's obligation to promulgate policy statements that are consistent with § 3553(a)(2); and (4) the Supreme Court cases of *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), permit sentence reductions that fall below the amended guidelines range under § 3582(c)(2).

Turner first alleges that § 1B1.10 impermissibly cabins a district court's discretion to provide sentencing relief. But Turner's argument is foreclosed by our recent decision in *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009). In *Cunningham*, we rejected the argument that adhering to the limitations of retroactive sentencing relief prescribed in § 1B1.10 was contrary to *Booker*. *Id.* at 707. We noted that unlike a full sentencing proceeding, a proceeding under § 3582(c)(2) only allows for a downward departure in sentencing adjustments. Significant to our decision was the fact that original sentencing proceedings and sentence modification proceedings are legally distinct. "Contrary to the defendants' contention, there is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to the statute's general rule that 'the court may not modify a term of imprisonment once it has been imposed.'" *Id.* at 708 (*citing* 18 U.S.C. § 3582(c)).

Further supporting our decision was the idea that because *Booker* itself focused on congressional intent, any interpretation of § 3582(c)(2) should do the same. An examination of congressional intent in § 3582(c)(2) makes it clear that Congress intended § 3582(c)(2) sentence modifications to comport with the Commission's policy statements, a result that would be impossible if in fact *Booker* rendered the guidelines advisory for purposes of sentence modifications. *Id.* Therefore, Turner's argument that § 1B1.10 impermissibly constrains a district court's discretion in sentence modifications proceedings is without merit.

Turner's second argument is that the § 3582(c)(2) scheme violates his Sixth Amendment rights because *Booker* requires a jury determination of facts essential to punishment when a judge seeks to impose a sentence based on those facts. Turner argues that the guidelines cannot be mandatory in some instances and advisory in others, where the mandatory guidelines will require resentencing based on facts not initially found by a jury. Our previous discussion about the distinctive nature of § 3582(c)(2) proceedings forecloses this argument. Again, as we explained in *Cunningham*, a full *Booker* resentencing is not required in § 3582(c)(2) proceedings. *Id.* Because "*Booker* does not apply to the scores of defendants whose sentences were final when *Booker* was handed down[,] [i]t would be unfair to allow a full *Booker* resentencing to only a subset of defendants whose sentences were lowered by a retroactive amendment." *Id.* at 708-09.

Turner's third argument also fails. As we held in *Cunningham*, § 1B1.10 is entirely consistent with the Commission's duty to promulgate provisions that advance the purposes of § 3553(a)(2). We noted:

Having chosen to create a modification mechanism, *Booker* does not require Congress to grant the district courts unfettered discretion in applying it. Indeed, mandatory minimum sentences--which cabin the district courts' discretion with regard to section 3553(a) factors--have been upheld as constitutional.

Section 3582(c)(2)'s direction that courts "shall consider the factors in Section 3553(a) to the extent they are applicable" does not undermine our conclusion. It is true that one of the factors in section 3553(a) is the Guidelines range, which Booker made advisory. However, section 3582(c)(2) states that a district court considers the section 3553(a) factors in making a reduction "consistent with the applicable policy statements issued by the Sentencing Commission." There need not be a conflict: the statute can be viewed as requiring district courts to consider the section 3553(a) factors in deciding whether and to what extent to grant a sentence reduction, but only within the limits of the applicable policy statements.

*Id.* at 708 (citations omitted). Therefore, Turner's third argument too was disposed of in *Cunningham*.

Finally, Turner argues that *Booker*, *Kimbrough*, and *Gall* should be read to allow sentences below the amended guideline range in the context of § 3582(c)(2) motions. This argument fails for two reasons. First, as we held in *Cunningham*, *Booker* is inapplicable in the § 3582(c)(2) context. *Id.* at 707 & n.2. Second, none of these three cases referred to § 3582(c)(2) proceedings, and as we explained in *Cunningham*, because the context of sentencing proceedings are legally distinct from the context of sentencing reductions, these cases are inapplicable in the

§ 3582(c)(2) context.  *Id.* at 707-08.

Because we addressed and dismissed all of the arguments presented by Turner in *Cunningham*, we affirm the district court's reduction of Turner's sentence to 310 months' imprisonment under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.