NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 15, 2010
Decided August 3, 2010

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 09-2323 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 2:01-cr-98 |
| *v.* | |
| | James T. Moody, |
| KENNETH JOHNSON, *Defendant Appellant*. | *Judge*. |

**O R D E R**

Kenneth Johnson pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced at the bottom of the advisory sentencing guidelines range to 293 months' imprisonment. Johnson moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on an amended sentencing guideline that retroactively reduced the base offense level for crack-cocaine offenses by two levels. U.S.S.G. § 1B1.10(b)(2)(A). The district court entered an order reducing Johnson's sentence by two levels but concluded that it lacked authority to reduce the sentence further. This decision was correct. In *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009), we held that district courts did not have authority to reduce sentences below the minimum amended guidelines range. Johnson nevertheless appealed, arguing that under *United States v. Booker*, 543 U.S. 220 (2005), the district court has discretion to reduce a defendant's sentence below the amended

guidelines range. Johnson conceded that his argument was foreclosed by *Cunningham* but wished to preserve the issue in light of the Supreme Court's grant of certiorari in *United States v. Dillon*, 572 F.3d 146 (3d Cir. 2009), *cert. granted*, 130 S. Ct. 797 (2009), a case that presented the same issue. We issued an order on January 26, 2010, holding Johnson's appeal until the decision in *Dillon*; the Supreme Court issued its opinion on June 17, 2010. *Dillon v. United States*, 130 S. Ct. 2683 (2010).

*Dillon* held that neither *Booker*'s constitutional holding nor its remedial holding applies to § 3582 proceedings, and so the limitations that § 1B1.10 places on sentence modifications under § 3582(c)(2) are mandatory rather than advisory. *Id.* at 2693. The Supreme Court stated in *Dillon* that "§ 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Id.* at 2692. In *United States v. Neal*, No. 08-3611, 2010 WL 2652463, at *1 (7th Cir. July 6, 2010), we followed *Dillon* in a published opinion, noting that "neither the statute nor the Constitution requires the judge to conduct a full resentencing in response to a [sentence-reduction] motion."

Our holding in *Cunningham* is fully consistent with *Dillon*: because a sentence modification is not a full resentencing, *Booker* does not apply and district courts are bound by the minimum amended guidelines range. *See Cunningham*, 554 F.3d at 707-08. Accordingly, the district court lacked authority to reduce Johnson's sentence beyond the two levels permitted by the amended guidelines.

AFFIRMED.