NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2010
Decided August 20, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

WILLIAM C. GRIESBACH, *District Judge*[1]

No. 09-1390

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:98-cr-00078-RL-APR-7 |
| RADAR TYLER, | |
| *Defendant-Appellant*. | Rudy Lozano, |
| | *Judge*. |

**O R D E R**

In 2002, a jury found Radar Tyler guilty of conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a). The district court sentenced him to 295 months incarceration, a total term of supervised release of five years, and a special assessment of $300.

---

[1] Hon. William C. Griesbach, District Judge for the Eastern District of Wisconsin, is sitting by designation.

After the Sentencing Commission reduced the Guideline ranges for crack cocaine that retroactively reduced the base offense level for crack cocaine offenses by two levels, Tyler asked the district court to reduce his sentence, as 18 U.S.C. § 3582(c)(2) permits. The district court entered an order reducing his sentence by two levels but concluded that it lacked authority to further reduce the sentence below the retroactive Guidelines amendment range. This decision was correct.

In *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009), we held that district courts do not have authority to impose a sentence below the amended Guideline range. Tyler conceded that our decision in *Cunningham* foreclosed his argument, but he nonetheless wished to preserve his argument in light of the Supreme Court's grant of certiorari in *United States v. Dillon*, 572 F.3d 146 (3d Cir. 2009), *cert. granted*, 130 S. Ct. 797 (2009). The Supreme Court issued its opinion on June 17, 2010. *Dillon v. United States*, 130 S. Ct. 2683 (2010).

*Dillon* held that *Booker* did not apply to § 3582 proceedings, and so the restrictions that § 1B1.10 places on a sentence modification are mandatory rather than advisory. *Id.* at 2693. We cited *Dillon* for the proposition that "neither the statute nor the Constitution requires the judge to conduct a full re-sentencing in response to a [sentence-reduction] motion." *United States v. Neal*, No. 08-3611, 2010 WL 2652463, at *1 (7th Cir. July 6, 2010). Rather, as *Dillon* held, "§ 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." 130 S. Ct. at 2692. Our holding in *Cunningham* is on all fours with *Dillon*: because a sentence modification is not a full re-sentencing, *Booker* does not apply and district courts are bound by the minimum amended Guidelines range. *See Cunningham*, 554 F.3d at 707-08. Therefore, the district court was correct that it lacked authority to further lower Tyler's sentence beyond the two levels permitted by the amended Guideline.

AFFIRMED.