NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted December 16, 2010
Decided December 16, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2503

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-297 |
| DURELL D. DILLON, *Defendant-Appellant.* | William C. Griesbach, *Judge*. |

**O R D E R**

Durell Dillon pleaded guilty to possession of more than five grams of crack cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking offense. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c)(1)(A)(i). The court sentenced him to consecutive 5-year terms of imprisonment, the mandatory minimum for each count, *see* 21 U.S.C. § 841(b)(1)(B)(iii); 18 U.S.C. § 924(c)(1)(A)(i), for a total of 10 years' imprisonment, and 5 years' supervised release. Dillon filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Dillon has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Garcia*, 580 F.3d 528, 543 (7th Cir. 2009).

Dillon has not expressed a desire to withdraw his guilty pleas, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel considers whether Dillon could challenge the reasonableness of his sentence.  At sentencing Dillon conceded that the guidelines imprisonment range of 57 to 71 months was correctly calculated.  The mandatory minimum sentence for each charge is 5 years, and 18 U.S.C. § 924(c)(1)(A) mandates consecutive sentences.  The district court applied the factors in 18 U.S.C. § 3553(a) and sentenced Dillon to the mandatory minimum of 10 years' imprisonment for the two charges.  Since the court could not sentence Dillon below the mandatory minimum, *see, e.g.*, *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009), counsel is correct that any challenge to the reasonableness of the sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.