NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2011
Decided April 8, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2375

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 1:09-CR-10101-001 |
| | |
| JOHN A. PRYOR, JR., | Michael M. Mihm, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

An informant tipped off officers that John Pryor had trafficked crack cocaine from his home for over a decade, and after they discovered almost a kilogram in his bedroom, Pryor pleaded guilty to possessing crack cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1). The court sentenced him to 120 months' imprisonment, the mandatory minimum. See *id*. § 841(b)(1)(A). Pryor filed a notice of appeal, but his appointed lawyer moves to withdraw because he cannot identify a nonfrivolous ground for appeal. See *Anders v. California*, 386 U.S. 738 (1967). Pryor did not respond to our invitation to comment on counsel's motion. See Cir. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers whether Pryor might challenge his guilty plea on grounds that he was permitted to represent himself briefly before pleading guilty. Counsel notes that, although Pryor had the right to waive his right to counsel and represent himself, the district court was required to warn of the dangers and disadvantages of self representation. See *Faretta v. California*, 422 U.S. 806, 819-20 (1975). Here the district court offered Faretta warnings, cautioning Pryor about the dangers of waiving the right to counsel. And, as counsel points out, a challenge to the guilty plea based on a lack of Faretta warnings would be frivolous because Pryor had a lawyer by the time he pleaded guilty. Furthermore, there is no indication that Pryor wants to withdraw his plea, so counsel need not have discussed any concerns relating to the adequacy of the plea, including Pryor's brief stint of self representation. See *United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel next considers whether the district court should have given Pryor the benefit of a "safety-valve" reduction, which provides a two-point decrease in offense level for certain nonviolent drug offenses and allows a sentence below the statutory floor. See 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(1), 5C1.2. To be eligible, the defendant must show a "good faith effort" to provide the government with all relevant information. See *United States v. Corson*, 579 F.3d 804, 814 (7th Cir.), *cert denied*, 130 S. Ct. 1751 (2010). We would review this issue for plain error because Pryor did not object to the district court's denial of the reduction. See *United States v. Allen*, 529 F.3d 390, 395 (7th Cir. 2008); *United States v. Harris*, 230 F.3d 1054, 1058 (7th Cir. 2008). In light of the probation officer's report that Pryor refused to speak with him and gave the government no information, we agree with counsel that any argument about the lack of safety-valve relief would be frivolous.

Counsel also considers whether Pryor could challenge the reasonableness of his sentence, but properly concludes that such a challenge would be frivolous. His charge of possession with intent to distribute carried a mandatory minimum sentence of ten years. Given Pryor's ineligibility for safety-valve relief (and the government's decision not to move for a sentencing reduction for substantial assistance, see 18 U.S.C. § 3553(e)), the court could not sentence Pryor below the statutory minimum. See *e.g.*, *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.