**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted September 24, 2009
Decided November 12, 2009
Amended November 13, 2009

*Before*

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff-Appellee, | ] Appeal from the United <br> ] States District Court for <br> ] the Northern District of |
| No. 09-1349         v. | ] Indiana, Hammond Division. <br> ] |
| STEPHEN GOLDEN, <br>     Defendant-Appellant. | ] No. 2:94-cr-00086-RL <br> ] |
| | ] Rudy Lozano, *Judge*. |

**AMENDED ORDER**

A § 3582(c)(2) request for sentence modification is discretionary, *United States v. Cunningham*, 554 F.3d 703, 707 (7th Cir. 2009), even for defendant Stephen Golden whose Guideline range was lowered to 360 months to life from a range of life. And despite Golden's argument to the contrary, a district judge is permitted to leave a sentence alone, id., which is what the judge did in Golden's case. The district judge did not abuse his discretion in handling Golden's § 3582(c)(2) motion, especially in light of Golden's admitted incidents of prison misconduct. And, like his decision whether to grant a sentence reduction, the district judge's decision not to conduct a hearing is committed to his discretion. *United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009).

AFFIRMED.