**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 19, 2016[*]
Decided January 20, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-2651 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Northern District of Illinois, Eastern Division. |
| *v.* | No. 02 CR 45-1 |
| WILLIAM ELEM, *Defendant-Appellant*. | John J. Tharp, Jr., *Judge*. |

**O R D E R**

William Elem moved under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines. The district court lowered Elem's prison sentence to 292 months, the bottom of the amended range, but reasoned that it lacked statutory authority to reduce the sentence further. Elem challenges that conclusion.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Elem trafficked in PCP and was convicted of several drug offenses in 2002. *See* 21 U.S.C. §§ 841(a)(1), 843(b), 846. The district court assessed a base offense level of 36 under the version of the guidelines then in effect. With a total offense level of 38 and a criminal-history category of V, Elem faced a guidelines imprisonment range of 360 months to life. The district court sentenced him to 360 months. Amendment 782, which is retroactive, has reduced the base offense level (and Elem's total offense level) by two, resulting in an amended imprisonment range of 292 to 365 months. *See* U.S.S.G. § 1B1.10(d); U.S.S.G. supp. to app. C, amends. 782, 788 (2014). Elem's imprisonment range is now 292 to 365 months.

Elem was hoping for a decrease to 188 months, but the district court correctly concluded that it could not go below 292 months. Unless a defendant initially received a below-range sentence to reward cooperation with authorities, a district court applying a retroactive amendment to the guidelines "shall not" reduce the sentence to "less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2); *see United States v. Cunningham*, 554 F.3d 703, 708–09 (7th Cir. 2009). Elem contends that § 1B1.10(b)(2) violates the Ex Post Facto Clause. When he was sentenced in 2002, Elem explains, district courts *did* have discretion under § 3582(c)(2) to reduce a sentence below the amended guidelines range.

But that discretion has been eliminated, and the change is binding on district courts. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (interpreting § 3582(c)(2)). Applying the current version of § 1B1.10 does not violate the Ex Post Facto Clause, which protects against "the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver v. Graham,* 450 U.S. 24, 30 (1981); *see United States v. Diggs*, 768 F.3d 643, 645 (7th Cir. 2014). Section 1B1.10 cannot lead to increased punishment since amendments applied retroactively under that guideline by motion under § 3582(c)(2) may only reduce a sentence. *See Diggs*, 768 F.3d at 645.

AFFIRMED.