# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-2039

BAXTER INTERNATIONAL, INCORPORATED,

*Plaintiff-Appellant,*

*v.*

ABBOTT LABORATORIES,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 01 C 4809 & 01 C 4839—**Ronald A. Guzmán**, *Judge.*

DECIDED JULY 16, 2002

Before EASTERBROOK, KANNE, and WILLIAMS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A few weeks ago a single judge of this court, serving as motions judge for the week, received and denied a joint motion to maintain documents under seal. The motion was generic: it related that the parties had agreed on secrecy, that the documents contained commercially sensitive information, and so on, but omitted details. What is more, the motion did not attempt to separate genuinely secret documents from others in the same box or folder that could be released without risk. The motion was patterned on the sort of broad secrecy agreement

that often accompanies discovery in order to expedite that process by avoiding document-by-document analysis. Secrecy is fine at the discovery stage, before the material enters the judicial record. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality. See, e.g., *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994); *In re Continental Illinois Securities Litigation*, 732 F.2d 1302 (7th Cir. 1984). Information transmitted to the court of appeals is presumptively public because the appellate record normally is vital to the case's outcome. Agreements that were appropriate at the discovery stage are no longer appropriate for the few documents that determine the resolution of an appeal, so any claim of secrecy must be reviewed independently in this court. See this circuit's Operating Procedure 10.

Despite these principles, the parties' joint motion made no effort to justify the claim of secrecy. It was simply asserted, mostly on the basis of the agreement but partly on the ground that these are commercial documents. That won't do. See *Union Oil Co. v. Leavell*, 220 F.3d 562 (7th Cir. 2000). The motion did not analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately may be kept from public inspection despite its importance to the resolution of the litigation. See *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more than just identify a kind of information and demand secrecy). So perfunctory was this motion that it could have been summarily rejected. Instead, however, the motions judge denied the request without prejudice, explained to the parties some of its shortcomings, and invited renewal.

A new joint motion was not long in coming, and it revealed that the original had vastly overclaimed. Now the parties agree that most of the documents transmitted to this court may be revealed to the public without jeopardizing any legitimate interest. Still, they contend, some of the documents—including the contracts that form the basis of this suit—should remain confidential. The motions judge referred this renewed motion to a panel for resolution in light of the frequency with which such motions are filed and litigants' frequent inattention to the legal standards for closure of records.

The lead reason in the renewed motion is, once again, the parties' agreement. All that has changed since the first motion is the *time* of the agreement said to be controlling. The first motion contended that the parties' *current* agreement justifies confidentiality. The second motion points to two *earlier* agreements: one during discovery in the district court and another during the arbitration that preceded the litigation. The new contention, in other words, is that secrecy must be maintained today in order to give effect to the parties' agreements reached last year, or the year before.

Yet the sort of agreement that governs discovery (or arbitration) is even weaker as a reason for appellate secrecy than is a contemporaneous agreement limited to the record on appeal. Allowing such an agreement to hold sway would be like saying that any document deemed provisionally confidential to simplify discovery is confidential forever. That would contradict *Grove Fresh* and its predecessors, which hold that the *dispositive* documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing. These are among the reasons why very few categories of documents are kept confidential once their

bearing on the merits of a suit has been revealed. In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal. See generally *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978); *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002); *United States v. Ladd*, 218 F.3d 701 (7th Cir. 2000); *Citizens First National Bank v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999); *Ball Memorial Hospital, Inc. v. Mutual Hospital Insurance, Inc.*, 784 F.2d 1325 (7th Cir. 1986). Cf. *Herrnreiter v. Chicago Housing Authority*, 281 F.3d 634 (7th Cir. 2002). As we remarked in *Union Oil,* many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed.

So does any of these documents contain a trade secret or something comparable whose economic value depends on its secrecy? The parties' joint motion does not make such an argument. Instead the parties again serve up a bald assertion that confidentiality promotes their business interests. Here is a representative sample; not one word of justification has been omitted:

> Five of the documents include a copy of a confidential licensing agreement between Abbott and Maruishi and/or certain references to that agreement. That licensing agreement is, by its terms, confidential. The terms of that agreement, if made public, could also harm Abbott's competitive position.

Beyond asserting that the document must be kept confidential because we say so (the "agreement is, by its terms, confidential"), this contends only that disclosure "could . . .

harm Abbott's competitive position." How? Not explained. Why is this sort of harm (whatever it may be) a legal justification for secrecy in litigation? Not explained. Why is the fact that some other document contains *references* to a license sufficient to conceal the referring document? Not explained. If it were, then the district court's opinion, see 2002 U.S. Dist. LEXIS 5475 (N.D. Ill. Mar. 26, 2002), which includes not only references to the licenses but also extended quotations from them, would have to be blotted from the books. So all we have is ukase. Indeed, this joint motion—filed by two of the nation's premier law firms (Sidley Austin Brown & Wood for Baxter, Winston & Strawn for Abbott)—does not cite a single statute, rule, or opinion, although the prior motion's denial stressed the need for detailed analysis. The court's *Practitioner's Handbook for Appeals* 96 (2002 ed.), given to all members of our bar (and posted on the court's web site) likewise advises counsel to be specific in motions of this kind.

Trade secret law does not exhaust legitimate interests in confidentiality, see *IDX Systems Corp. v. Epic Systems Corp.*, 285 F.3d 581 (7th Cir. 2002), and businesses that fear harm from disclosure required by the rules for the conduct of litigation often agree to arbitrate. Baxter and Abbott had such an agreement, and their dispute was arbitrated under terms that require secrecy. Baxter then moved the dispute to court, asking the judge to set aside the arbitrator's decision. One of the grounds discussed by the district judge—Baxter's contention that "public policy" prevents enforcement of an exclusive patent license that permits the original licensee to grant a sublicense that will postpone market reentry by the original patent holder—poses the question whether the suit may be strategic. General appeals to "public policy" do not permit a court to upset an arbitral award. See, e.g., *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57 (2000); *Paperworkers Union v. Misco, Inc.*, 484 U.S. 29 (1987). But

even a weak claim may create a strong settlement position, if its prosecution will require the other side to reveal commercially valuable documents. That Baxter has joined with Abbott in an effort to preserve the documents' confidentiality implies that this suit was not motivated by this consideration, but it does not diminish whatever harm may be caused by Baxter's failure to keep its promise to resolve this fight in private. We held in *Union Oil* and reiterated in *Herrnreiter*, a decision reviewed by the full court under Circuit Rule 40(e), that the right judicial response to the initiation of litigation that reveals information subject to contractual confidentiality is not specific performance of the confidentiality agreement but damages for breach of contract. Abbott therefore may have a claim against Baxter if it can show injury. But it does not have any right to keep third parties from learning what this litigation is about. And Baxter, whose refusal to accept the result of the arbitration is the cause of the current problem, has no claim to keep a lid on its own documents (such as the Baxter-Maruishi license that allowed Maruishi to sublicense Abbott). It had, and spurned, a sure path to dispute resolution with complete confidentiality: accept the result of the closed arbitration.

Another thing that the parties might have done is pare down the appellate record. The strong presumption of public disclosure applies only to the materials that formed the basis of the parties' dispute and the district court's resolution. If documents have reached this court unnecessarily, the parties could have asked us to send them back. The court sometimes spontaneously orders documents returned in order to prevent unwarranted disclosure of commercially sensitive information. Keeping the documents in the district court is an especially attractive option when they contribute little to the resolution of the case yet are too voluminous to justify detailed examination on appeal. Nothing in the parties' original or renewed submission sug-

gests that any of the documents covered by their request could be returned to the district court without loss to the appellate process, nor have the parties contended that the documents in question (seven envelopes' worth) are so extensive that particular analysis is impractical.

The renewed motion to place documents under seal is denied. Because no prior published opinion has made clear the need for specificity in motions of this kind, we will allow these parties to amend their motion a second time. Having explained the legal requirements, however, the court will in the future deny outright any motion under Operating Procedure 10 that does not analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Motions that represent serious efforts to apply the governing rules will be entertained favorably, and counsel will be offered the opportunity to repair shortcomings. Motions that simply assert a conclusion without the required reasoning, however, have no prospect of success.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*