In the

# United States Court of Appeals
## For the Seventh Circuit

No. 09-1248
UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MAURICE FOSTER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 95 CR 242-12 — **Robert W. Gettleman**, *Judge.*

No. 09-1686
AHMAD MILAM, *et al.*,

*Plaintiffs-Appellants,*

*v.*

DOMINICK'S FINER FOODS, INC., *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 C 9343 — **Joan Humphrey Lefkow**, *Judge.*

DECIDED MAY 1, 2009[*]

---

[*] This opinion is being released initially in typescript.

Before EASTERBROOK, *Chief Judge*, in chambers.

EASTERBROOK, *Chief Judge*. Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure. This court explained in *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545–46 (7th Cir. 2002), that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality. See, e.g., *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994); *In re Continental Illinois Securities Litigation*, 732 F.2d 1302 (7th Cir. 1984). Information transmitted to the court of appeals is presumptively public because the appellate record normally is vital to the case's outcome. Agreements that were appropriate at the discovery stage are no longer appropriate for the few documents that determine the resolution of an appeal, so any claim of secrecy must be reviewed independently in this court. See this circuit's Operating Procedure 10." See also, e.g., *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978); *Union Oil Co. v. Leavell*, 220 F.3d 562 (7th Cir. 2000).

Motions under Operating Procedure 10 that propose sealing documents in the appellate record are presented to the motions judge. I have consolidated for decision two such motions, resolving them in a published decision to reiterate the criteria of *Baxter International*—and to remind counsel that it is often better to exclude the documents from the appellate record than to analyze at length the reasons why they should or should not be sealed.

The first appeal is *United States v. Foster*, No. 09-1248, a criminal prosecution commenced almost 15 years ago. After the Sentencing Commission lowered the guideline ranges for crack-cocaine offenses, and made that change retroactive, Foster asked the district judge to reduce his sentence. The district court granted the motion, cutting Foster's sentence from 360 months to 324 months. Foster then filed a notice of appeal to argue that the reduction should have been greater. The district court transmitted to the court of appeals a considerable volume of materials that had been filed in the 1990s, before the jury's verdict and the 360-month sentence.

Thirty-four of these items have been maintained under seal in the district court. The clerk's office notified counsel that they would be opened to the public under Operating Procedure 10 unless an appropriate motion were made and granted. The United States Attorney filed a motion to maintain the secrecy, but the motion did not give any reasons; indeed, it suggested that counsel for the United States had no idea what was in the sealed envelopes and did not plan to inquire. That motion, egregiously deficient under this circuit's precedent, was denied, though without prejudice. The order informed counsel that any future motion must meet the standards of *Baxter International*.

Extra time to file a proper motion was sought and granted. The extended deadline passed without a motion. Four days later a motion arrived, together with a motion to file *instanter*. The justification for lateness—that the Assistant United States Attorney is busy—is inadequate; counsel did not try to explain why a request for more time could not have been filed before the deadline passed. And the motion to maintain the documents under seal does not make a serious attempt to apply the criteria of *Baxter International*. It does not cite that decision, or any other. Nor does it cite any statute, rule, or privilege. The motion says, over and over, that one or another document should "remain sealed in order to protect the privacy interests of the ... witness involved." The motion does not mention that both *Baxter International* and *Union Oil* disapproved any general "privacy" rationale for keeping documents confidential. Statutes, yes; privileges, yes; trade secrets, yes; risk that disclosure would lead to retaliation against an informant, yes; a witness's or litigant's preference for secrecy, no. The law could not be clearer. Yet the motion essentially asks the court to operate in a law-free zone. To call the performance of the United States Attorney's Office in this case a disappointment would be a gross understatement.

The second appeal is *Milam v. Dominick's Finer Foods, Inc.*, No. 09-1686, a civil suit under the Fair Labor Standards Act. This suit began in 2003 and was dismissed by the district court. In 2006 plaintiffs asked the court to set aside the dismissal. That motion, which invoked Fed. R. Civ. P. 60(b)(1), was supported by an affidavit submitted under seal. The district judge granted the motion and reinstated the case but eventually again resolved it in defendants' favor. Plaintiffs appealed, and the dis-

trict court transmitted to the court of appeals a copy of the sealed affidavit.

Plaintiffs ask us to maintain the affidavit under seal, because (they say) it "would potentially cause embarrassment and affect [counsel's] personal and professional reputation by disclosing personal matters". Although the motion cites *Baxter International*, it does not contend that confidentiality is justified by any statute or privilege. Yet the district court did not explain why it has forbidden public access to this document.

Rule 60(b)(1) permits a judgment to be reopened because of "excusable neglect". Just what the "neglect" entailed, and why it was "excusable," are questions in which the public has a legitimate interest when they underlie a judicial decision. See, e.g., *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). If the nature of the neglect reflects poorly on counsel, that supports disclosure rather than confidentiality: a lawyer's clients (current and future) are entitled to know what sort of error or other shortcoming led a district court to enter judgment against people he represents. A truck driver's accident record is a legitimate subject of inquiry by a prospective employer; just so with a lawyer's litigation record, including litigation lost (or almost lost) because of counsel's misconduct. A tenor who can no longer hit high C can't conceal that fact from the public, and a lawyer who has lost focus on his clients' welfare likewise must face exposure. The legal system's goal is to protect the rights of litigants, not to safeguard the interests of lawyers.

Plaintiffs in *Milam* say that the grant of relief under Rule 60(b) is not an issue on appeal. If that is so, then the affidavit need not be in the appellate record, and it is unnecessary for me to explore whether some privilege, or another reason omitted from the motion, might justify continued confidentiality. Appellants ask me to order the sealed affidavit returned to the district court without ruling on the propriety of its sealing. Before doing this, however, I want to hear from appellees. They might choose to defend their judgment on the ground that the district judge should not have revived the case by granting the Rule 60 motion—and, if they advance such a contention, it will be essential to decide whether the basis of the district court's decision can remain secret. Appellees will have ten days to address this issue. If appellees inform me that they plan to challenge

the district judge's Rule 60 decision, appellants may file a response within seven days.

I do not understand why the United States failed to propose a similar disposition in *Foster*. None of the 34 sealed documents has any apparent bearing on the appellate issues. The documents concern Foster's trial and original sentence, not the extent to which the sentence is affected by the retroactive crack-cocaine amendments. Foster received the full reduction contemplated by the amended Sentencing Guidelines. Any argument that Foster is entitled to more than a 36-month reduction in his sentence appears to be inconsistent with 18 U.S.C. §3582(c)(2). See *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009). This court has directed the parties to file memoranda on the effect of *Cunningham*.

Perhaps counsel for Foster or the United States see some way in which the sealed documents may be relevant. Neither the memos discussing *Cunningham* nor any brief has been filed, so my understanding of the appellate issues could be mistaken. I give the parties ten days to file memoranda addressing the question whether the 34 sealed documents should be returned to the district court, avoiding any need for me to decide whether, if they remain in the appellate record, they must be opened to public view.