In the

# United States Court of Appeals
## For the Seventh Circuit

No. 09-1686

AHMAD MILAM, *et al.*,

*Plaintiffs-Appellants*,

*v.*

DOMINICK'S FINER FOODS, INC., *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 C 9343 — **Joan Humphrey Lefkow**, *Judge*.

DECIDED MAY 27, 2009[†]

Before EASTERBROOK, *Chief Judge*, in chambers.

EASTERBROOK, *Chief Judge*. A chambers opinion issued earlier this month invited appellees to tell me whether they plan to defend their judgment on the ground that the district judge should not have revived the case by granting plaintiffs' motion under Fed. R. Civ. P. 60(b)(1). I observed that, if they advance such a contention, then I must decide whether the basis of the district court's decision can remain secret. The opinion added: "If appellees inform me that they plan to challenge the district judge's Rule 60 decision, appellants may file a response within seven days." *United States v. Foster*, No. 09-1248 (7th Cir. May 1, 2009), slip op. 6 (Easterbrook, C.J., in chambers).

---

[†] This opinion is being released initially in typescript.

One group of appellees—Dominick's Finer Foods, Inc., and several affiliated parties (collectively Dominick's)—filed on May 11 a statement that they might well to urge, as one ground of affirmance, that the district court should not have used Rule 60(b) to reopen the case. Plaintiffs thus had until May 18 to file a response. Nothing appeared until May 21. Plaintiffs neither asked for extra time nor explained their delay. That insouciance toward deadlines continues a pattern established in the district court—a pattern that was the apparent reason for that court's initial decision in defendants' favor. It is hard to understand why lawyers who have lost this case once by disregarding deadlines would tempt fate again.

The question at hand is whether information sealed in the district court should remain under seal in this court. Here is the relevant portion of my earlier opinion:

> This suit began in 2003 and was dismissed by the district court. In 2006 plaintiffs asked the court to set aside the dismissal. That motion, which invoked Fed. R. Civ. P. 60(b)(1), was supported by an affidavit submitted under seal. The district judge granted the motion and reinstated the case but eventually again resolved it in defendants' favor. Plaintiffs appealed, and the district court transmitted to the court of appeals a copy of the sealed affidavit.
>
> Plaintiffs ask us to maintain the affidavit under seal, because (they say) it "would potentially cause embarrassment and affect [counsel's] personal and professional reputation by disclosing personal matters". Although the motion cites *Baxter International*, it does not contend that confidentiality is justified by any statute or privilege. Yet the district court did not explain why it has forbidden public access to this document.
>
> Rule 60(b)(1) permits a judgment to be reopened because of "excusable neglect". Just what the "neglect" entailed, and why it was "excusable," are questions in which the public has a legitimate interest when they underlie a judicial decision. See, e.g., *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). If the nature of the neglect reflects poorly on counsel, that supports disclosure rather than confidentiality: a lawyer's clients (current and future) are entitled to know what sort of error or other shortcoming led a district court to enter judgment against people he represents. A truck driver's accident record is a legitimate subject of inquiry by a prospective employer; just so with a lawyer's litigation record, including litigation lost (or almost lost) because of counsel's misconduct. A tenor who can no longer hit high C can't conceal that fact from the public, and a lawyer who has lost focus on his clients' welfare likewise must face exposure. The legal system's goal is to protect the rights of litigants, not to safeguard the interests of lawyers.

> Plaintiffs ... say that the grant of relief under Rule 60(b) is not an is-
> sue on appeal. If that is so, then the affidavit need not be in the ap-
> pellate record, and it is unnecessary for me to explore whether some
> privilege, or another reason omitted from the motion, might justify
> continued confidentiality. Appellants ask me to order the sealed af-
> fidavit returned to the district court without ruling on the propriety
> of its sealing. Before doing this, however, I want to hear from appel-
> lees. They might choose to defend their judgment on the ground
> that the district judge should not have revived the case by granting
> the Rule 60 motion—and, if they advance such a contention, it will
> be essential to decide whether the basis of the district court's deci-
> sion can remain secret.

Slip op. 4–6. Because Dominick's proposes to defend by con-
testing the decision under Rule 60, I must decide whether to
unseal the affidavit.

Plaintiffs' response, however, does not argue that the affida-
vit was justifiably sealed. Apparently they treat my earlier deci-
sion as resolving that question. What plaintiffs now contend is
that the affidavit should be removed from the appellate record.
Plaintiffs say that, because the district judge did not give a rea-
son either for dismissing the case or for reinstating it under
Rule 60(b)(1), Dominick's cannot demonstrate that the judge
abused her discretion and therefore has nothing to gain from
contesting the judge's order. That means, plaintiffs insist, that
the affidavit is not important to the appeal.

Yet an unreasoned decision is easier to upset on appeal than
a carefully explained one. The judge did not explain the initial
order dismissing the suit (an apparent violation of Circuit Rule
50), did not explain the decision to seal the affidavit, and did
not explain the grant of relief under Rule 60(b)(1). What is
more, Dominick's contends (and plaintiffs do not deny) that
the district judge refused to allow defense counsel to see the
affidavit that plaintiffs tendered in support of their Rule
60(b)(1) motion. Dominick's therefore had no means to oppose
the motion. A judicial decision based on information that has
been withheld from counsel (in addition to the parties and the
public) is extraordinary and requires a compelling justification,
which no one in this case has articulated.

This appeal cannot proceed in an orderly fashion under a
veil of unexplained secrecy. My earlier opinion explained why
secrecy appears to be unwarranted, and I take plaintiffs' silence
in their response as acknowledgment. The affidavit therefore is
unsealed and placed in the public record.