In the
# United States Court of Appeals
## For the Seventh Circuit

No. 09-2377
GOTHAM HOLDINGS, LP, *et al.*,

*Plaintiffs-Appellees*,

*v.*

HEALTH GRADES, INC.,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 C 1843 — **James B. Zagel**, *Judge*.

SUBMITTED AUGUST 28, 2009 — DECIDED SEPTEMBER 3, 2009[†]

Before EASTERBROOK, *Chief Judge*, and WILLIAMS and
SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Gotham Holdings is a plaintiff,
and Health Grades a defendant, in litigation pending in the
Southern District of New York. (Although there are multiple
plaintiffs, we use one name to denote all.) Health Grades con-
tends in the New York case that an arbitration award supports
its view of the merits. It tendered the award and some of the
documents exchanged in the arbitration. When Gotham Hold-
ings asked to see related documents, Health Grades balked, ob-
serving that the parties to the arbitration (Health Grades and
Hewitt Associates, LLC) had pledged confidentiality. Gotham
Holdings rejoined that, by relying on the award, Health Grades

---

[†] This opinion is being issued in typescript. A printed copy will follow.

had waived confidentiality. When Health Grades refused to budge from its position, Gotham Holdings served a subpoena on Hewitt Associates and moved to enforce it in the Northern District of Illinois, where Hewitt Associates' principal offices are located. See Fed. R. Civ. P. 34(c), 45.

No one contends that the subpoena exceeds the bounds set by Fed. R. Civ. P. 26(b)(1), and the district court directed Hewitt Associates to produce the documents. Hewitt Associates is willing to hand them over. But the district court issued a stay pending Health Grades' appeal. (Appellate jurisdiction rests on the doctrine of *Perlman v. United States*, 247 U.S. 7 (1918).) Because the discovery deadline in the New York suit is approaching, and the documents covered by the subpoena may lead to additional discovery requests in New York, we granted Gotham Holdings' request to expedite the appeal. It has been submitted on the briefs to the motions panel that granted the request for expedited consideration.

We affirm the district court's decision, for two reasons. First, ¶6 of the agreement between Health Grades and Hewitt Associates provides that materials from the arbitration may be disclosed in response to a subpoena. Second, even if the agreement had purported to block disclosure, such a provision would be ineffectual. Contracts bind only the parties. No one can "agree" with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off. We applied this principle in *Jepson, Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854 (7th Cir. 1994), to confidentiality agreements reached during litigation. That conclusion is equally applicable to confidentiality agreements that accompany arbitration. Indeed, we have stated more broadly that a person's desire for confidentiality is not honored in litigation. Trade secrets, privileges, and statutes or rules requiring confidentiality must be respected, see Fed. R. Civ. P. 45(c)(3)(A)(iii), but litigants' preference for secrecy does not create a legal bar to disclosure. See *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002); *United States v. Foster*, 564 F.3d 852 (7th Cir. 2009) (Easterbrook, C.J., in chambers).

Health Grades and Hewitt Associates were entitled to agree that they would not *voluntarily* disclose any information related to the arbitration. See *ITT Educational Services, Inc. v. Arce*, 533 F.3d 342, 347–48 (5th Cir. 2008). Disclosure would be authorized only when a third party had a legal right of access. That's

what ¶6 of this agreement does: The parties promised to keep their mouths (and files) shut unless a subpoena required a turnover. Gotham Holdings is entitled to compulsory process to acquire documents from third parties. Health Grades does not argue that any privilege protects this material. The Supreme Court has expressed reluctance to create new privileges, see *University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990) (declining to create an "academic deliberations privilege"), and Health Grades does not attempt to show that an "arbitration privilege" would be appropriate under the Court's standards.

According to Health Grades, access to the information would undermine the national policy favoring arbitration. There is no such policy. Arbitration agreements are optional and enforced just like other contracts. 9 U.S.C. §2. The Federal Arbitration Act eliminates hostility to private dispute resolution; it does not create a preference for that process. "There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Information Sciences, Inc. v. Stanford University*, 489 U.S. 468, 476 (1989). See also, e.g., *Arthur Andersen, LLP v. Carlisle*, 129 S. Ct. 1896, 1901 (2009) (federal policy is "to place [arbitration] agreements upon the same footing as other contracts"). People do not "violate" or "undermine" any federal policy if they litigate rather than arbitrate. Federal policy favors arbitration only in the sense that it favors contracts in general.

The Federal Arbitration Act does not promote arbitration at the expense of strangers. Suppose Health Grades and Hewitt Associates had agreed between themselves that Gotham Holdings would pay the arbitrators' fees. That would make arbitration more attractive, but no one would think the agreement enforceable; third parties' rights may be affected only with their consent. Just so here. Gotham Holdings has an entitlement to material information in the hands of Hewitt Associates. Nothing that Health Grades and Hewitt Associates can do or say, separately or collectively, can affect that legal right. We concluded in *Teamsters Negotiating Committee v. Troha*, 328 F.3d 325 (7th Cir. 2003), that parties to a labor arbitration may use subpoenas to obtain information from third parties. It would be weird to treat this as a one-way street, so that parties to arbitration may obtain, but need not divulge, information relevant to the resolution of other disputes.

Hewitt Associates does not contend that the subpoena is unduly burdensome. No one contends that a recognized privilege applies to these documents. So the subpoena was properly enforced. The stay is lifted, and the judgment is affirmed. The mandate will issue today.