## In the
# United States Court of Appeals
## For the Seventh Circuit

No. 10-2823

In re ERICH SPECHT, doing business as
Android Data Corporation, and
THE ANDROID'S DUNGEON INCORPORATED,

*Petitioners.*

Petition for a Writ of Mandamus
to the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 C 2572—**Harry D. Leinenweber**, *Judge*.

SUBMITTED AUGUST 23, 2010—DECIDED SEPTEMBER 8, 2010

Before EASTERBROOK, *Chief Judge*, and KANNE and
HAMILTON, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. In 1999 Erich Specht
started a home business, which he called Android Data
Corporation. It offered website hosting services. Specht
registered "Android Data" as a federal trademark for
his business, which folded in 2002. Specht allowed his
registration for the domain name "androiddata.com" to
lapse, and the corporation was dissolved under state
law. Specht did not use the mark again until 2009—when,

having learned about Google's Android operating system for mobile phones, he registered the domain name "android-data.com", attempted to resurrect the corporation by sending backdated reports and fees to the Illinois Secretary of State, and filed suit against Google and 47 other defendants for trademark infringement.

AT&T Mobility offers mobile phone service. Some devices with the Android operating system are sold by AT&T or used on its network. Specht did not include AT&T among the 48 defendants. Had he done so, the case would not have been assigned to Judge Leinenweber, whose wife (Lynn Martin) is a member of AT&T's board of directors. The court's automated conflict-checking system prevents any assignment of litigation by or against AT&T to Judge Leinenweber in light of 28 U.S.C. §455(b)(5)(i), which disqualifies any judge whose spouse (or other relative within the third degree) is "a party to the proceeding, or an officer, director, or trustee of a party". Judge Leinenweber and Lynn Martin also own stock in AT&T, a further disqualification under §455(b)(4).

After the suit had been pending for about a year—and at the close of discovery—Specht proposed to amend his complaint to add AT&T Mobility and three other wireless carriers (T-Mobile, Sprint, and Verizon) as defendants 49 to 52. Judge Leinenweber recognized that, if he granted this motion, he would be disqualified from proceeding further. He denied the motion, however, and also declined to recuse himself. This led Specht to file a petition for a writ of mandamus, contending that it

creates an appearance of impropriety, and thus requires recusal under §455(a), for a judge to act on a motion that, if granted, would require recusal under §455(b). Specht contends that if the motion did not disqualify the judge automatically, it should have been assigned to a different judge. A petition for mandamus is the right way to obtain review by this court of arguments under §455(a). *United States v. Balistrieri*, 779 F.2d 1191, 1205 (7th Cir. 1985); *United States v. Boyd*, 208 F.3d 638, 645 (7th Cir. 2000), remanded on a unrelated issue, 531 U.S. 1135 (2001). We asked both Google and AT&T Mobility to respond to the petition; they have done so. We also invited Judge Leinenweber to respond. See Fed. R. App. P. 21(b)(4). He declined.

Section 455(b)(5)(i) does not disqualify Judge Leinenweber. Like §455(f), it applies only to the relation between a judge and a party. AT&T Mobility is not a "party" to this case. Nor does §455(b)(4) require the judge's recusal. It deals with situations in which the judge or family member "has a financial interest in the subject matter of the controversy or a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding". AT&T Mobility is not a "party," and it would not be possible to say that either Judge Leinenweber or Lynn Martin has a "financial interest" in the controversy. Google rather than AT&T is responsible for the choice of name. If Specht prevails, Google will either change the name or strike a deal to license "Android" from Specht; AT&T is indifferent. Google does not charge either wireless providers or handset makers any fee for using the

Android operating system, and no one suggests that the outcome of this litigation could lead it to change that policy. Nor is there any realistic chance that the suit could lead to financial liability for AT&T or any other wireless service provider. Not only Google but also the handset makers have agreed to indemnify wireless providers for any losses that stem from Google's choices. Specht contends that Lynn Martin's reputation could be "substantially affected" (§455(b)(5)(iii)) independent of AT&T's financial interests. Yet the only effect would be favorable to Martin: having seen to it that AT&T is protected by indemnification, AT&T Mobility's board of directors comes off well.

Section 455(a) is another matter. Judge Leinenweber had a choice: Grant the motion to add AT&T, then step aside, or deny the motion and continue presiding. Forget indemnification for a moment and suppose that granting the motion could have exposed AT&T Mobility to a loss. Then, by denying the motion, the judge would have protected AT&T from exposure to damages—conferring a financial benefit on it even though, by hypothesis, §455(b) prevents the judge from making any ruling in which AT&T has a financial interest. Google contends that Specht's motion to add AT&T was made only in the hope of disqualifying the judge. But the requirements of §455(b) apply to weak claims as well as strong ones; §455(b) prevents a judge with a financial interest, or with a relative on a litigant's board, from deciding *whether* the claim is meritorious. Denying a motion to add a party does not technically violate §455(b) yet, because it has the same effect as granting the motion

and then dismissing the suit on the merits, it creates an appearance problem under §455(a). See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

That appearance problem could, and should, have been solved by referring to another judge the motion to add AT&T Mobility as a party. If a judge with no interest in the outcome denied the motion, then Judge Leinenweber could resume his role. The norm in this circuit is for the judge already assigned to the case to address any motion for recusal, and that practice is a sound one. Most motions for recusal can be resolved quickly and accurately by the assigned judge, without the delay and expense that would be occasioned by a routine referral to a different judge. What Judge Leinenweber should have referred is not the motion for his disqualification, but the motion to add AT&T as a defendant, because the order denying that motion itself conferred a benefit on AT&T (for it saved AT&T the legal fees required to mount a defense, even if AT&T is not at any material risk of an adverse judgment). This is how the district judge handled the motion to add a party in *In re Kansas Public Employees Retirement System*, 85 F.3d 1353, 1361–62 (8th Cir. 1996). We have not found a clean holding that this procedure is required, but that does not prevent adopting the sensible approach as an initial matter.

Specht contends that just *filing* the motion to add AT&T Mobility as a party required Judge Leinenweber's permanent removal from the suit. That step would not implement §455(a), however. If another judge

denied the motion, there would be neither actual impropriety, nor an appearance of impropriety, in Judge Leinenweber's further participation. A reasonable, well-informed observer (the applicable criterion, see *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010)) would not perceive a problem. Moreover, there is a powerful reason why filing such a motion should not itself require recusal. Litigants are not entitled to pick their judges. Unlike some state systems, the federal judiciary does not permit a litigant to object to the initially assigned judge and require the substitution of another. Maintaining the original, random selection promotes both the fact and the appearance of impartiality. See, e.g., *In re National Union Fire Insurance Co.*, 839 F.2d 1226 (7th Cir. 1988); *New York City Housing Development Corp. v. Hart*, 796 F.2d 976 (7th Cir. 1986).

If all a litigant had to do to eject a judge from the case—perhaps after the judge had made some rulings unfavorable to the litigant, as Judge Leinenweber has made rulings unfavorable to Specht—was to propose adding a new party known to require the judge's recusal, then litigants could play games with judicial assignments. Every federal judge is recused in *some* situations: a judge may have a child who works for a corporation or law firm, or own stock in some corporation, or have a pension from a job before joining the bench. A litigant wanting to manipulate the assignment could consult the judge's recusal list and file a motion to add as a party an entity on that list. By Specht's lights that motion, no matter how insubstantial, would disqualify the judge. But courts do not allow such easy

manipulation—either by proposing to add defendants, or by suing the judge and then contending that he must step aside. See *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981); *Nottingham v. Acting Judges of District Court*, 2006 U.S. Dist. LEXIS 30141 (S.D. Ind. Mar. 24, 2006). We hold that filing a motion to add a party does not itself disqualify a judge. The grant of such a motion might do so; the motion itself does not.

Judge Leinenweber should not have acted on the motion to add AT&T Mobility as a defendant. This does not lead to a writ of mandamus, however. There is no point in directing the judge to transfer the motion to one of his colleagues if the outcome of that process is foreordained—so clear, indeed, that it would be an abuse of discretion for any other judge to grant the motion. The three members of this panel have no interest in the litigation and can resolve the dispute immediately. It would indeed be an abuse of discretion to grant the motion. Discovery has closed; granting the motion would unduly prolong the litigation. It is not as if Specht learned only through discovery that AT&T, Sprint, T-Mobile, and Verizon sell phones that use the Android operating system; this information is widely advertised. The wireless providers could have been named as parties from the outset. But that would not have served a good purpose, nor would adding extra defendants be helpful now. Google, not AT&T or any other wireless carrier, chose the name "Android" for the operating system. If Specht is entitled to any remedy (a subject on which we express no view), damages and equitable relief against Google will be fully effective to

vindicate Specht's rights. There is no reason why this suit needs additional defendants. It began with 47 defendants too many (raising the question whether Specht chose the list of defendants to induce unwarranted payments in settlement); there is no reason why it should proceed with 51 defendants too many.

This means that Judge Leinenweber's failure to refer the motion to another judge was inconsequential. There is no reason why he cannot bring this litigation to a conclusion in the district court.

One final subject. Google and AT&T Mobility have asked us to keep confidential the language of their indemnity agreement and some other documents. Other participants in the wireless communication business might be able to obtain some negotiating advantage by knowing the agreement's terms. Google and AT&T do not contend, however, that the terms are trade secrets. Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality. See, e.g., *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002); *Union Oil Co. of California v. Leavell,* 220 F.3d 562 (7th Cir. 2000). Because the motions to seal do not contend that the standards of *Baxter* and *Union Oil* have been satisfied, they are denied. If Google and AT&T wanted to keep the documents' terms secret, they should not have proffered them in response to Specht's motion.

The motions to seal are denied. The petition for a writ of mandamus is denied.