# In the United States Court of Federal Claims

No. 12-840 C

(Filed March 12, 2013)

JACOB OBERSTEIN,             )

                                    )

              Plaintiff,      )

        v.                 )

                                      )

THE UNITED STATES,        )

                    Defendant.   )

## ORDER

Plaintiff's Complaint (ECF No. 1), filed December 6, 2012, challenges decisions of the Board for Correction of Naval Records pursuant to 10 U.S.C. § 1552 and asserts plaintiff is entitled to promotion as a matter of law. The dispute concerns whether plaintiff's attendance at the Uniformed Services University of Health Sciences (USUHS) is included in the calculation of military service time, which in turn, impacts eligibility for promotion. After successful completion of two years of the three-year USUHS program, plaintiff was "disenrolled" after three unsuccessful attempts to pass the United States Medical Licensing Examination (USMLE). Plaintiff contends that the time he was enrolled at the USUHS program should be credited, for purposes of seniority and promotion, particularly in determining his date of rank (DOR), credit that he was denied.

Plaintiff has filed a Motion for Protective Order (ECF No. 4), and a Corrected Motion for Protective Order (ECF No. 8). In the Motion plaintiff seeks "an Order to prevent disclosure to the public of any personal identifying information, including Plaintiff's name, with any and all documents relating to [this case], including Plaintiff's Complaint, filed December 6, 2012." (*Id*. at 1.) Defendant has filed a Response. (ECF No. 6.) Plaintiff did not file a Reply. For the following reasons, plaintiff's Motion is denied.

Plaintiff contends that his Complaint, electronically filed on December 6, 2012, "contains information regarding [his] disenrollment from the [USUHS], and specifically discusses [his] failure to pass the [USMLE] on three different occasions due to insufficient preparation time." ("Corrected" Mot. Protective Ord. 1, ECF No.

8.)  Plaintiff contends this information "will be damaging to [his] career in any medical-related field if permitted to be viewed by potential future employers."  (*Id.* at 2.)

Citing Rule 5.2(b) of the Rules of the Court of Federal Claims (RCFC), which provides for the redaction of certain information from filings, the sealing of documents and issuance of protective orders, plaintiff contends there is good cause to redact his name from these documents or limit or prohibit nonparty remote access. With admission to a requested protective order, defendant would not be prejudiced, plaintiff reasons, although plaintiff does request that defendant keep all unredacted documents confidential.  Finally, plaintiff concludes that the public interest in this litigation would not be impacted "because Plaintiff's name is irrelevant to the facts, circumstances and ultimate outcome of the case."  (*Id*.)

Defendant disagrees that the circumstances presented constitute the "good cause" required by RCFC 5.2(e), but assures that it will keep confidential any documents that are protected from disclosure by the Privacy Act or Navy regulations. (Def.'s Opp'n Mot. Protective Ord. 1 n.1, ECF No. 6 (citing 5 U.S.C. § 552a(b) and 32 C.F.R. § 701.105).)  Defendant points out that plaintiff voluntarily disclosed his disenrollment to the public when he filed his Complaint before he filed his initial Motion for Protective Order (ECF No. 4), and again when he filed his "Corrected" Motion for Protective Order (ECF No. 8), neither of which included a request that it be filed under seal.  As for possible impediment to future employment, defendant reasons that if plaintiff seeks to practice medicine in the future, his prior examination failures would be disclosed to licensing authorities as part of the licensing process.[1] If plaintiff seeks other employment then the relevance of these testing attempts is not apparent.  And, defendant notes that plaintiff's Complaint recites his employment as a Radiation Health Officer, notwithstanding the academic matters he seeks to shield from public view, indicating he is medically-related employable.

Alternatively, defendant adds that even if plaintiff could establish specific harm, relief is not automatic; rather, the court "'must balance the privacy interests of the parties against the public interest in access to the information.'"  (*Id.* at 3-4 (citing

---

[1]  Defendant cites USMLE Bulletin, Scoring and Score Reporting, Official USMLE Transcripts and Providing Scores to Third Parties, http://www.usmle.org/bulletin/scores/#transcripts.

*Diaz-Laboy v. United States*, No. 10-751C, 2012 WL 1139749, at *10 (Fed. Cl. Mar. 30, 2012).) Citing the presumption of public access to judicial proceedings and the disfavor of anonymous litigation, it is asserted that plaintiff's embarrassment or harm to future employment asserted does not override the public interest in disclosure of his identity.

"There is a strong presumption in favor of a common law right of public access to court proceedings." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597-99, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)); *see also Baystate Techs., Inc. v. Bowers*, 283 Fed. Appx. 808, 810 2008 WL 2704484, *2 (Fed. Cir. 2008) (unpublished); 28 U.S.C. § 174(b) ("All decisions of the Court of Federal Claims shall be preserved and open to inspection."). Accordingly, a party seeking protection bears the burden of articulating compelling reasons that "outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana v. Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citation omitted). "[T]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. "[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 547 (7th Cir. 2002).

Defendant's comment that any future medical licensing would reveal plaintiff's prior disenrollment and attendant history was not refuted by plaintiff. Plaintiff's noted employment as a Medical Radiation Officer also weighs against harm at the level required. And, as defendant points out, in endeavors outside of medical employment, the relevance and potential harm of prior uncompleted medical school has not been established.

The court also notes that plaintiff's Complaint contains names of other service members in assertedly the same situation. (Compl. 12-13, ¶ 33-34, ECF No. 1 (three names).) This speaks to the credibility of the particularized personal harm plaintiff asserts.

While not involving protected information, this case illustrates why close attention should be given to the warnings of Appendix E governing Electronic Case Filings (ECF). Filings "should not include personal information in any ECF filing unless such inclusion is necessary and relevant to the filings." RCFC, Appendix E, ¶ 26(b). Public access to ECF filings is available at the clerk's office and online. *Id.* ¶ 31. Personal data such as social security numbers, names of minor children, birth dates and financial account numbers should be excluded or redacted, *id.* ¶ 26(c), and "caution" should guide inclusion of other sensitive data such as medical records or employment history, *id.* ¶ 26(d). "Counsel are strongly urged to discuss with all clients the use of personal information so that an informed decision about including, redacting, or excluding such information may be made." *Id.* ¶ 27. Responsibility for protecting personal information is with counsel and the parties, *id.* ¶ 28.

**ACCORDINGLY**, for the foregoing reasons, plaintiff's Corrected Motion for Protective Order (ECF No. 8) is **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge