APPEL, Justice
(concurring specially).
I concur with the court’s opinion.
On remand, the district court should give due regard to the two competing considerations in this case which drive in opposite directions: the risk of harm to Sioux Pharm that might be caused by additional disclosures and Eagle Labs’ need for further disclosure to effectively defend its interests in the litigation.
As pointed out by the court, the district court and the parties on remand should avoid generalizations in favor of specific evidentiary showings and articulated reasoning. To some extent, the shortcomings in the district court’s order may have been a result of sequencing. At this stage of the litigation, the trade secrets of the par *545 ties should be identified with particularity first, with consideration of further disclosure occurring after such identification has been made. Without identification of the underlying trade secrets, the district court is not in the best position to do the necessary balancing on a particularized basis. See Foltz v. State Farm, Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir.2003) (stating the party asserting confidentiality bears the burden of showing that specific prejudice or harm will result for each particular document it seeks to protect); Baxter Int’l, Inc. v. Abbott Labs., 297 F.3d 544, 547-48 (7th Cir.2002) (denying confidentiality where parties failed to show what specifically was confidential and give reasons why confidential treatment should be accorded).
The district court in this case, however, ordered Sioux Pharm to identify with particularity its Standard Operating Procedures (SOPs) that Eagle Labs allegedly misappropriated. If Sioux Pharm complies with this order first, the district court will then be in a better position to examine each identified SOP that is allegedly a trade secret misappropriated by Eagle Labs (and any other documents for which disclosure is sought) and make the necessary particularized findings with respect to the balancing of the parties’ competing interests.
WIGGINS, J., joins this special concurrence.