In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 15-3308 & 16-1254

IN THE MATTER OF:

AL-HAROON B. HUSAIN,

*Appellant*.

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.

ARGUED MARCH 27, 2017 — DECIDED AUGUST 8, 2017

Before BAUER and EASTERBROOK, *Circuit Judges*, and
DEGUILIO, *District Judge*.[*]

EASTERBROOK, *Circuit Judge*. The Bankruptcy Court for the
Northern District of Illinois disbarred Al-Haroon B. Husain.
(The court called the step "permanent suspension," which is
disbarment by another name.) The United States Trustee be-
gan the proceeding by alleging that Husain's filings regular-
ly failed to include debtors' genuine signatures. The full
bench assigned the disciplinary proceeding to Bankruptcy

---

[*] Of the Northern District of Indiana, sitting by designation.

Judge Cox, who held a lengthy hearing and made extensive findings. *In re Husain*, 533 B.R. 658 (N.D. Ill. 2015). In addition to disbarring Husain, Judge Cox also ordered him to refund fees he had collected from 18 clients. When he did not do so, Judge Cox held him in contempt of court.

Husain appealed both the disbarment and the contempt finding to the district court. It assigned both appeals to the court's five-member Executive Committee, which handles the court's disciplinary proceedings. The Executive Committee affirmed the order disbarring Husain but dismissed the appeal from the order holding Husain in contempt. Unfortunately, the Executive Committee did not transfer the contempt appeal to a single judge. Yet 28 U.S.C. §158(a) entitles Husain to review by at least one district judge. We therefore remand the contempt appeal to the district court for assignment to, and decision by, a single judge. The disbarment issue, by contrast, is ready for decision by this court.

The bankruptcy court found that Husain as a matter of routine:

- Signed clients' names to documents that the debtors must verify under penalty of perjury. See 28 U.S.C. §1746; Fed. R. Bankr. P. 1008. The signatures purported to be the debtors' own; Husain did not indicate that someone else was signing for the debtors.

- Copied and reused clients' signatures, so that they appeared to have signed documents they had not seen.

- Applied these forged or copied signatures to documents that did not reveal all of the debtors' assets, and which the debtors would not have signed had

they seen the documents before they were submitted to the court.

- Submitted petitions and other documents on behalf of ineligible debtors (including one Husain knew lives in Bulgaria rather than Illinois, where Husain's multiple filings said he lives).

- Submitted documents that through statistical improbability could not have been honest. For example, in a sample of 110 of Husain's cases examined by the U.S. Trustee, schedules in 106 reported that the debtor had exactly $200 in cash, and in 93 of these 106 the schedules reported exactly $600 worth of household goods and $200 worth of clothing. Husain testified that these numbers had been furnished by his clients without his prompting; Judge Cox found him not credible.

- Submitted documents that omitted material assets. For example, the court found that the bankruptcy papers Husain filed (and signed) for Mirza and Sakeena Baig omitted two pieces of real property, three motor vehicles, a bank account, a whole-life insurance policy, and a retirement account, even though the Baigs had told him about those assets. 533 B.R. at 670.

- Lied on the stand during the hearing (the judge five times wrote that Husain was "incredible," once that he was "not credible," and once that he made a "false statement"). Under oath, Husain denied many of the facts described above; the judge did not

> believe him, and documentary evidence strongly shows that Husain was lying to the court.

Husain's brief in this court says that he accepts all of Judge Cox's factual findings. He contends nonetheless that they do not justify disbarment. (In a letter filed after oral argument, Husain's lawyer asked for permission to file new briefs that would contest the judge's findings of fact. That request is denied. One set of briefs is all any appellant is entitled to. Counsel's conclusion that he made a tactical error does not justify a do-over.)

We take Judge Cox's findings as established and ask: How can a lawyer who committed extensive perjury in a disciplinary proceeding argue with a straight face that he is entitled to remain in the court's bar? How can a lawyer who routinely omitted assets from debtors' schedules expect to remain in good standing? Husain's appellate counsel contends, essentially, that "everyone does it"—for example, that most filings in consumer bankruptcies contain schedules of assets with the same numbers, whether or not those numbers are plausible estimates of the debtors' assets. It ought to be enough, Husain asserted in the disciplinary proceeding, to file the same list of assets in case after case and wait for the Trustee to contest those that seem inaccurate. Judge Cox emphatically (and properly) rejected that as a proposition about appropriate practice; by making such an argument Husain just added to the reasons for his disbarment. Judge Cox added that most bankruptcy lawyers do *not* practice the way Husain did. But suppose this is false. That might mean that more disciplinary proceedings are in order; it would not exculpate Husain.

With respect to the forged or copied signatures, Husain essentially shrugs his shoulders and contends that it just does not matter whether the debtor has read the papers and verified their truth. That may be so for some filings, but Rule 1008 enumerates those filings that *must* be supported by the debtor's personal pledge of honesty and accuracy. In the absence of the debtor's signature or other form of verification, it is impossible to prosecute persons who misrepresent their assets. A lawyer who tried to insulate clients from liability for false schedules surely had to know that the responsibility would fall on his own shoulders.

Husain's assertion that clients authorized him to sign their names is unavailing for two reasons: first, Judge Cox found that many of Husain's clients had done no such thing; second, Rule 1008 requires a bankruptcy lawyer to obtain the debtor's verification for "[a]ll petitions, lists, schedules, statements and amendments thereto". No verification on the debtor's oath or affirmation, no valid filing. Husain has never tried to reconcile his standard operating practice with the language of Rule 1008.

One more subject requires a few words. This appeal has been handled under seal. The briefs and the entire appellate record have been concealed from public view. Even the appellate docket has been sealed.

Our Clerk's Office noted that the appeals involved a lawyer's disciplinary proceeding and assumed that, because many disciplinary proceedings initiated by this court are conducted in confidence, disciplinary appeals also should be confidential. That assumption is unwarranted. Judge Cox's opinion was published. There is no secrecy to maintain, no reason to depart from the strong norm that judicial proceed-

ings are open to public view. See, e.g., *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002). What's more, keeping any part of the briefs and record in an appeal secret requires a judicial order. None was entered in this case; secrecy was entirely the staff's doing. All papers in these appeals must now be placed in the public record, and in future cases the Clerk's Office will not seal the docket, the briefs, or any part of the record without a judicial order.

The judgment disbarring Husain is affirmed. The Executive Committee's order in the contempt appeal is vacated, and that aspect of the case is remanded for decision by a district judge.