**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2260
_____

DIANE R. GOCHIN,
                                        Appellant

v.

THOMAS JEFFERSON UNIVERSITY; CARIANNE P. TORRISSI, Esq. (Individually
and in her capacity as an officer of the court.); *CHIEF JUSTICE THEODORE MCKEE,
(Individually and in his administrative capacity); *JUDGE PAUL DIAMOND,
(Individually and in his official capacity); *JUDGE ANTHONY SCIRICA, (Individually
and in his official capacity); *JUDGE D. MICHAEL FISHER, (Individually and in his
official capacity); *JUDGE THOMAS I. VANASKIE, (Individually and in his official
capacity); *JUDGE KENT JORDAN, (Individually and in his official capacity);
*JUDGE JULIO FUENTES, (Individually and in his official capacity); *U.S. FEDERAL
COURT, EASTERN DISTRICT OF PENNSYLVANIA; *U.S. COURT OF APPEALS
OF THE THIRD CIRCUIT

(*Dismissed pursuant to Court's Order entered 02/09/18)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-06153)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2018
Before:  GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 12, 2019)

_____

OPINION*

_____

PER CURIAM

Diane Gochin appeals the District Court's order dismissing her claims against the Appellees. For the reasons below, we will affirm the District Court's order.

In 2013, Gochin filed an unsuccessful employment discrimination lawsuit against Thomas Jefferson University (TJU) in the District Court. Unhappy with several judges' rulings in her District Court proceedings and on appeal, Gochin filed another lawsuit, naming TJU, its attorney, and the federal judges as defendants. The District Court dismissed her claims. Gochin filed a motion for reconsideration, which the District Court denied. Gochin then filed a timely notice of appeal.[1]

We have jurisdiction under 28 U.S.C. § 1291. In her brief, Gochin raises only one specific challenge to the District Court's decision: she contends that her claims could only be resolved by a jury trial. She mistakenly believes that the Constitution guarantees her a jury trial for any claim. However, the Seventh Amendment protects the right to a jury trial in civil cases where there are factual issues to be decided. See In re Peterson, 253 U.S. 300, 310 (1920) ("No one is entitled in a civil case to trial by jury, unless and

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The portion of the District Court's order dismissing the claims against the Federal Appellees was summarily affirmed by a panel of this Court by order entered February 9, 2018. Thus, the claims against those Appellees are not before us.

2

except so far as there are issues of fact to be determined."). Where a District Court concludes as a matter of *law* that a claim cannot succeed, that *legal* determination does not usurp the *fact-finding* province of the jury and does not violate the Seventh Amendment. See Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990) ("[The] Seventh Amendment right to a jury trial was not abridged, because . . . the complaints failed as a matter of law to present an issue for trial."). The dismissal of Gochin's claims without a jury trial did not violate the Seventh Amendment.

Gochin argues that the District Court deliberately omitted facts, misrepresented the case, and was biased towards the Appellees. However, she does not provide any examples of this alleged conduct. She requests that we "provide de novo review of the existing record" which she "incorporates by reference." While we do review a District Court's dismissal of a complaint de novo, see Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006), we are not obligated to identify an appellant's issues for her. If a party fails to raise an issue in her opening brief, the issue is waived. A passing reference is not sufficient to raise an issue. Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994); see Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) ("[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief.") To preserve arguments in a brief, an Appellant must support the arguments with reasoning as well as citation to authorities and portions of the record in support. Fed. R. App. P. 28(a)(8)(A). We do not consider undeveloped arguments or

3

those not properly raised and discussed in a brief. See Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal").

Even with the liberal construction of pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), Gochin has not properly preserved any challenge to the District Court's order beyond that discussed above. Nor does Gochin's reference to her District Court pleadings preserve the arguments therein. "A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record." DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999); see also Chi. Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 630 (7th Cir. 2003) (Posner, J.) (incorporation by reference not valid method to raise arguments on appeal); Northland Ins. Co. v. Stewart Title Guar. Co., 327 F.3d 448, 452 (6th Cir. 2003) (not allowing incorporation of arguments by reference).

Gochin spends most of her brief arguing that she is the victim of a vast judicial conspiracy of fraud against her. The gist of Gochin's argument appears to be that the only way she could have lost her employment discrimination case was due to judicial corruption. She devotes half of her brief to listing the portions of the Pennsylvania Rules of Professional Conduct for Attorneys which involve fraud. However, that Gochin lost her District Court cases and prior appeals is not evidence of fraud or corruption but rather simply that her claims were determined to lack legal merit.

4

For the above reasons, we will affirm the District Court's order. Appellant's motion to change the appellate panel is denied. Litigants are not entitled to choose the gender or geographical origins of the judges who rule on their appeals. See, e.g., In re Specht, 622 F.3d 697, 700 (7th Cir. 2010) ("Litigants are not entitled to pick their judges."); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) ("The [recusal] statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."); Barnes v. United States, 241 F.2d 252, 254 (9th Cir. 1956) (litigant had no right to select judge to hear her motion).